L. D. CHILDS *v.* SILAS N. MARTIN and others, DIRECTORS, &c.

This Court will not review a decision or determination affecting neither the actual nor legal merits of a controversy. *Therefore,* an appeal from an order continuing in force a former order made in the cause, was dismissed.

MOTION to vacate an order restraining defendants, &c.,

heard before *Logan, J.,* at Fall Term, 1872, of MECKLENBURG Superior Court.

From the decision of his Honor, refusing to vacate the order restraining the defendants from further proceedings in foreclosing a certain mortgage, the defendants appealed. The point decided being simply a matter of practice, the facts necessary to an understanding of the same are sufficiently stated in the opinion delivered by the Court.

*Bynum,* for appellants.
*Schenck* and *Bailey,* contra.

RODMAN, J. A brief statement of the proceedings in this case will make our opinion intelligible.

On the 17th June, 1872, the plaintiff, Childs, issued a summons against numerous defendants, returnable to Fall Term of Mecklenburg Superior Court. On 22d June, Childs applied to the Judge of the Ninth District for an order restraining defendants from proceeding to foreclose a certain mortgage, and the Judge made the order restraining them until further order. At the same time, he directed the defendants to be notified to appear before him on 12th July. On that day, the defendants moved to vacate the restraining order, and the plaintiffs moved for an injunction. The Judge refused both motions, and continued the hearing of the case and also the restraining order until 22d July. From this order the defendants appealed to this Court. In the view we take of the case the amendment of the complaint, by adding other plaintiffs, is immaterial.

The only question as we conceive, is, was the order of the Judge one from which the defendants could appeal? The C. C. P. is liberal in giving the right to appeal. But it is of the nature of an appeal, that it must be from some determination, which affects in whole or in part the legal or actual merits of the controversy. It cannot be from a mere

adjournment or continuance of an action, a mere postpone-
ment of a determination for a reasonable time, or for an
unreasonable time, provided it be for one which must neces-
sarily expire before the appeal can be heard in the appellate
Court. Section 345 of the C. C. P. directs that a Judge in a
case like this shall give his judgment *within* ten days; in
this case the postponement was slightly beyond that time.
But the section must necessarily be held merely directory,
from the impossibility of this Court's giving any redress.

PER CURIAM. Appeal dismissed.