ALEXANDER MITCHELL and others *v.* DAVID N. KILBURN, Treasurer, &c.

It is error in the court below, to grant an appeal from the refusal of his Honor to grant a motion made by defendant, to dismiss the proceedings; an appeal thus improvidently granted will be dismissed in this court.

When a motion to dismiss the proceedings is overruled below, his Honor should proceed with the trial, leaving the parties to save their rights by exception; so that when final judgment is rendered, the appeal will present to this court, the questions raised upon the trial, as well as the motion to dismiss.

(*Childs* v. *Martin,* 68 N. C. Rep. 307; *Gray* v. *Gaither,* 71 N. C. Rep. 51, cited and approved.)

This was a SPECIAL PROCEEDING, under the act of March 3d, 1875, heard before *Seymour, J.,* at Chambers, in CRAVEN county, October 16th, 1875.

The proceeding was instituted upon the affidavit of the plaintiffs against the defendant, who is the treasurer of Craven county, on the ground that the surety on his official bond is insufficient. Upon the affidavit filed, the court ordered the defendant to appear at Chambers on the 9th day of October, 1875, and justify his said bond by evidence other than that of himself and his sureties.

The parties appeared on the return day of said order, and the case was adjourned to the 16th of October, at which time all the parties being present, the defendant moved to vacate the order and to dismiss the proceeding, on the ground that the act of March 3d, 1875, under which the proceeding was instituted, was unconstitutional and void. The motion was overruled, and the defendant appealed.

*Green, Stevenson,* and *Lehman,* for the appellants.
*Hubbard,* contra.

BYNUM, J.   The appeal was premature, and should not have been allowed, from a mere motion to dismiss the case.   When his Honor denied the motion to dismiss, he should have proceeded with the trial, leaving the parties to save their rights by exception, as well to the refusal to dismiss, as to the admission or rejection of evidence, which might have been offered in the progress of the trial, in support of the petition.   So that when the final judgment was rendered, the appeal would properly present to this court the grave questions raised below, both as to the constitutionality of the act of 1874–'75, chap. 120, and the construction to be placed upon its provisions.

The appeal, having been improvidently granted, must be dismissed.   C. C. P., sec. 299; *Child* v. *Martin*, 68 N. C. Rep., 307; *Gray* v. *Gaither*, 71 N. C. Rep., 51.

PER CURIAM.                              Appeal dismissed.