JAMES WALLINGTON v. A. D. MONTGOMERY, Ex'r.

An appeal does not lie from the Superior to the Supreme Court, upon the refusal of the Judge below to pass upon the competency of evidence and its materiality, especially before the trial.

(*Childs* v. *Martin*, 68 N. C. Rep. 307; *Gray* v. *Gaither*, 71 N. C. Rep. 55, cited and approved.)

CIVIL ACTION, on a bond, heard before *Kerr, J.*, at. Fall Term, 1875, of the Superior Court of ROCKINGHAM county.

The action was brought to recover $12,000, alleged to be due the plaintiff as assignee of one E. M. Powell. After issue joined, the defendant took the deposition of a non-resident witness, under a commission, returnable to Fall Term, 1875, and during the term the deposition came, directed to the Clerk, in a sealed envelope. Notice was served upon plaintiff's counsel to be present at the opening thereof. The plaintiff's counsel did not attend, but having examined the witness, he wrote as follows: "The plaintiff, notified of the opening and passing on depositions of John W. Montgomery, taken in behalf of the defendant, has no objection to· the regularity of the taking, but he excepts to the propriety and legal sufficiency of the questions propounded to the witness, each and every one of them, and to the answers thereto. If his ·exceptions were overruled, the Clerk will enter an appeal to the Judge of the court."

The Clerk overruled the exceptions and entered the appeal. In the calling of the docket the case was not called for trial, but the defendant directed the attention of the court to the exceptions, and moved the court to pass upon the same. The plaintiff stated that the exceptions and appeal was only intended as a reservation of the right of objection as to the competency of the evidence. The defendant insisted that the court should pass upon the exceptions, and the court refusing to do so, until the deposition should be offered in evidence upon the trial of the cause, the defendant appealed.

*Scales & Scales*, for appellant.
*Dillard & Gilmer*, and *Gray & Stamps*, contra.

BYNUM, J. The refusal of his Honor to pass upon the competency of the evidence and its materiality before the trial, was not the subject of appeal, any more than from his refusal to try or continue a cause, or from his order to allow or disallow an amendment. If in the course of a trial a question is objected to and ruled out by the court as irrelevant, or a witness is rejected as incompetent, an appeal cannot then be taken and the trial arrested, but exceptions are made and the trial progresses.

In the case before us, the appeal was taken on a ruling from which no appeal lay, even had it been made on the trial and in proper time, instead of in anticipation of a trial, when the court had no jurisdiction whatever to pass upon the objections. The court was right in refusing to decide at that time, but in error in allowing the appeal.

An appeal can only be taken from " a judicial order or determination of a Judge upon or involving a matter of law or legal inference, which affects a substantial right claimed in any action or proceeding, or which, in effect, determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action or grants or refuses a new

trial." C. C. P., sec. 299. This was not such "judicial order
or determination" as is embraced in the statute. *Childs* v.
*Martin*, 68 N. C. Rep., 307 ; *Gray* v. *Gaither*, 71 N. C. Rep.,
55. The appeal having been improvidently allowed, must be
dismissed.

PER CURIAM.                          Appeal dismissed.