P. H. CAIN v. THOMAS A. NICHOLSON, Executor.

*Report of Referee--Jurisdiction.*

1. The evidence in writing upon which facts are found by a Referee must accompany his report.

2. Where the main purpose of an action is to have the defendant declared a trustee, and a statement of his account as executor is demanded as a necessary incident to the determination of the action, the Superior Court has jurisdiction and the Judge thereof may give full relief.

(*Mitchell* v. *Walker*, 2 Ire. Eq. 621; *Faucett* v. *Mangum*, 5 Ire. Eq. 53; *Green* v. *Castlebury*, 70 N. C. 20; *Oliver* v. *Wiley*, 75 N. C. 320, cited and approved.)

CIVIL ACTION tried at Spring Term, 1877, of DAVIE Superior Court, before *Kerr, J.*

The plaintiff is the assignee of the distributees and heirs-at-law of one Powell on whose estate Samuel Holman administered and sold the land of his intestate for assets, and it is alleged that he purchased said lands at his sale through an agent.

After action brought, Holman died and the defendant was qualified as his executor, and made a party to this action, which was brought to have said Holman declared a trustee of said land for the benefit of plaintiff, and for an account of his said administration of the assets and of the rents and profits of said land since the sale, and it was referred to the Clerk to state these accounts and report to the Court, which he did. The plaintiff excepted to the same because the Referee failed to report the evidence on which his report was based, and the exception was sustained by His Honor, and the defendant appealed.

*Mr. J. M. Clement,* for plaintiff.

*Mr. J. M. McCorkle,* for defendant.

FAIRCLOTH, J.   (After stating the facts as above.)   It has been frequently decided that the evidence in writing should accompany the report, so that the appellant may have the findings of the Referee reviewed, or that he may file exceptions before the Court if they have not been taken before the Referee.   *Mitchell* v. *Walker*, 2 Ire. Eq., 621 ; *Faucett* v. *Mangum*, 5 Ire. Eq., 53 ; *Green* v. *Castlebury*, 70 N. C., 20.

On the argument in this Court the defendant raises the question of jurisdiction, and says this proceeding should commence before the Probate Court where legacies and distributive shares are recoverable.   This would be so if nothing more was intended, but the main purpose of this action is to have the defendant declared a trustee of said land, which cannot be done before the Clerk, and the secondary purpose is the account as a necessary incident to the determination of the first question, and the Judge having jurisdiction over the main question may retain the case and give full relief.   *Oliver* v. *Wiley*, 75 N. C. 320.

We therefore refuse the motion made in this Court and sustain the ruling of His Honor on the exception, and as the case goes back, we will suggest, whether or not the heirs-at-law and devisees of defendant's testator are necessary parties.

No error.

PER CURIAM.                               Judgment affirmed.