*State on relation of NANCY CRAWLEY·v. N. W. WOODFIN, Administrator, and others.

### Practice-Appeal.

No appeal lies to this Court from the refusal of the Court below to dismiss an action or to nor-suit the plaintiff.

(Stith v. Lookabill, 71 N. C, 25 ; Mitchell v. Kilburn, 74 N. C. 483 ; Foster v. Penry, 77 N. C. 160, cited and approved.

CIVIL ACTION tried at November Special Term, 1877, of BURKE Superior Court, before Schenck, J.

The facts are sufficiently stated by Mr. Justice RODMAN in delivering the opinion of this Court. The defendant who had previously demurred, withdrew his demurrer, and the defendant's counsel then moved upon the complaint and the original answer to dismiss the case. His Honor declined to grant the motion and the defendant appealed.

Messrs. Merrimon, Fuller & Ashe, for plaintiff.
Messrs. G. N. Fo'k, R. F. Armfield, and D. G. Fowle, for defendant.

RODMAN, J. This action was commenced on the 3d of October, 1874. The original defendants were N. W. Woodfin, administrator of McDowell, R. M. Pearson, N. W. Woodfin, administrator of John W. Woodfin, and W. F. McKesson. Pearson having died, his executor was made a party in this Court.

The complaint alleges in substance, that at Spring Term, 1869, of Burke Superior Court, the relator recovered a judgment against N. W. Woodfin, administrator of McDow-

---

*Smith, C. J., and Bynum J:, did not sit on the hearing of this case.

ell, and that a part of it is still unpaid. That McDowell died in 1859 ; N. W. Woodfin was appointed his adminis- trator, and gave bond in the usual form with Pearson, Mc- Kesson, and John W. Woodfin, as his sureties. The relator assigns as a breach, that N. W. Woodfin, the administrator, received a large amount of personal property, more than sufficient to have paid all the debts of McDowell, and the costs of administration, and that he failed to pay the debt to the relator, but delivered the property to the legatees without taking refunding bonds, to the damage of the rela- tor, &c.

At Spring Term, 1875, N. W. Woodfin and Pearson filed separate answers. The plaintiff replied. At Fall Term, 1875, the death of N. W. Woodfin was suggested, and it was ordered that notice issue to his administrator. At Spring Term, 1876, the administrator of N. W. Woodfin, and the administrator *de bonis non* of McDowell, were made parties. The plaintiff then by leave of the Court amended the complaint by assigning as a further breach the non- payment of the note upon which the aforesaid judgment was recovered. The note was dated the 28th of December, 1858, and payable one day after date.

At Fall Term, 1876, Pearson, not abandoning his answer, demurs to the amended complaint and alleges as ground, that John Gray Bynum, the administrator *de bonis non* of McDowell, is the only proper relator in an action on the administration bond of Woodfin, and the relator Craw- ley, cannot maintain the action. At a Special Term in November, 1877, the defendant Pearson withdrew his de- murer, and moved to dismiss the action, which motion was refused, and the defendants appealed to this Court.

It has been several times held in this Court that no ap- peal will lie from the refusal of a motion to dismiss an ac- tion, or to non-suit a plaintiff. *Stith* v. *Lookabill*, 71 N. C.

25; *Foster* v. *Penry*, 77 N. C. 160; *Mitchell* v. *Kilburn*, 74 N. C. 483.

In those cases as in this, the counsel argued the cases upon their merits as appearing on the complaints, which might be deemed a waiver of a right to dismiss the appeal on the ground that no appeal would lie from such a refusal. But the consent of the counsel cannot give this Court jurisdiction of an appeal where it has none, or prevent the inconveniences of such a practice. It is clear that it is not one of the cases in which an appeal is allowed by C. C. P. § 299. The refusal affects no substantial right; the defences of the defendant are all as open to him as they ever were. If appeals are allowed in such cases, litigation will be immensely protracted, and the costs increased. By a motion to dismiss, or to non-suit, the Court is asked to give an opinion upon a state of facts, which the defendant at the same time denies to be true. A demurrer which *pro hac vice*, admits the facts alleged, is the only mode known to the law in which a judgment of a Court can be obtained upon the sufficiency in law of a complaint.

A Superior Court is not a mere moot Court to give opinions which have no practical effect. Its duty is to decide real controversies, and to give such judgments therein as may be enforced, thus doing practical work and ending litigation which is always an evil.

No case has been found, and probably none can be, either where the common law practice or the Code prevails, in which an appeal is allowed in such a case; and for the uniformity of holding, there must be some good reason. If this Court should, after laborious thought and research, express its opinion on the facts alleged in the complaint, it would be idle, for the facts are denied. It will be time enough for us to apply the law to the facts, when the facts are found or admitted, so that we can give some effective judgment thereon.

PER CURIAM.　　　　　　　　　　Appeal dismissed.