W. J. SUTTON and wife v. JAMES T. SCHONWALD and others.

*Appeal—Order of Reference—Practice.*

1. No appeal lies to this court from an interlocutory order made to as-
certain controverted facts, and without prejudice to the parties liti-
gant.

2. Where in an action by a guardian to impeach a former decree, it
appeared that alleged expenditures for the benefit of the ward should
be ascertained before final judgment, *it was held*, not to be error in
the court to direct a mistrial and order a reference, without prejudice,
to take an account. C. C. P., § 245 (2).

(*Wallington* v. *Montgomery*, 74 N. C., 372 ; *Mitchell* v. *Kilburn*, *Ibid.*
483 ; *Crawley* v. *Woodfin*, 78 N. C., 4 ; *McBride* v. *Patterson*, *Ibid.*
412 ; *Com'rs of* Wake v. *Magnin*, *Ibid.* 181, *Childs* v. *Martin*, 68 N. C.,
307, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of NEW HAN-
OVER Superior Court, before *McKoy, J.*

David Smith died intestate in the year 1862, seized and
possessed of certain land in the city of Wilmington which
descended to his two infant children, David and Catharine.
On the 9th day of May 1862, the defendant, J. T. Schonwald,
became guardian to David, and under the impression that
he had been appointed guardian to both, filed a petition in
their names in the court of equity for the sale of the land.
The land was sold under a decretal order, report thereof
made and confirmed, and under a decree of the court after
payment of the purchase money, the land conveyed by the
clerk and master to Charles E. Thornburn, the purchaser,
and one of the defendants, who had no notice of any irreg-
ularity in the proceedings. By successive subsequent deeds,
the land has been conveyed to others of the defendants. In
the year 1866, Schonwald, discovering his error, applied to
the proper court and was appointed guardian also to Cath-
erine Smith. The present action is instituted to impeach,

annul and make void so much of the orders and decrees made in the proceedings for the sale of the land, as affects the estate and interest of the feme plaintiff therein. The defendant, Schonwald, to whom the proceeds of sale were paid, alleges in his answer that they have all been appropriated and expended in the necessary support and maintenance of the infants.

Issues were made up and submitted to the jury and among them one to which the plaintiffs except, as to the intestate's title to the land. During the trial the court being of opinion that the alleged expenditures of the fund for the benefit of the infants were material and should be ascertained before final judgment, directed a mistrial and reference, without prejudice, of said matters of account. Thereupon the plaintiffs appealed.

*Messrs. W. S. & D. J. Devane* and *D. L. Russell,* for plaintiffs.

*Messrs. A. T. & J. London,* for defendants.

SMITH, C. J. (After stating the case as above.) There is no particular error alleged in the ruling of the court, and we only know from the argument here of what the plaintiffs complain. It is insisted that the order of reference was unauthorized, not because the matter was not a proper subject of reference within the provisions of the Code, but for the reason that it was wholly immaterial to the controversy. The court may without consent of parties, on application of either, or of its own motion, make an order of reference, where the taking of an account shall be *necessary for the information of the Court.* C. C. P. § 245 (2.)

The only question to be considered by us is this, does an appeal lie from this interlocutory order, made to ascertain certain controverted facts and without prejudice, and can this court

be called on to declare them immaterial at this preliminary stage of the proceedings and before trial ?

In our opinion the appeal was improvidently taken and is not warranted by C. C. P. § 299 or by the adjudications of this court.

The section of the Code referred to authorizes an appeal "from every judicial order or determination of a judge of a superior court involving a matter of law or legal inference, which *affects a substantial* right, claimed in any action or proceeding." We are unable to see how any "substantial right" of the plaintiffs can be affected by an enquiry to ascertain the facts of the alleged expenditures of the proceeds of sale received by the guardian and relied on as an equity in the answer. If they are immaterial, no prejudice to the plaintiffs can result from an enquiry, by which the immateriality will be ascertained and determined, unless in the delay and costs of the reference, and these follow equally an order of continuance. If an issue involving the same subject matter had been directed to be submitted to the jury, it is quite plain that an appeal would not lie for the obvious reason that no substantial right would be affected, and this and every order made at and during the progress of the trial can be reviewed on appeal after verdict and judgment. The order in this case simply substitutes in place of an issue for the jury, another mode of presenting the facts before the court, and it is when these facts enter as elements in the judgment controlling or modifying it, that any rights of the plaintiffs are involved. It is not the policy of the law or the intent of the present system of procedure to have causes brought up for revision in fragmentary parts when the same ends can be attained without injury to parties by a presentation of them in their entirety, and the litigation be concluded. And hence it is that interlocutory appeals are allowed when a decision is made affecting substantial rights, which without such appeals would be beyond cor-

rection afterwards. Thus it has been held that an appeal does not lie upon a refusal of the judge to pass upon the competency and materiality of evidence before trial. *Wallington* v. *Montgomery*, 74 N. C., 372. Nor for his refusal to grant a motion to dismiss the proceeding. *Mitchell* v. *Kilburn*, 74 N. C., 483 ; *Crawley v. Woodfin*, 78 N. C., 4 ; *McBryde* v. *Patterson*, *Ibid.* 412.

The principle which governs in appeals is thus stated by RODMAN, J., delivering the opinion of the court in *Childs* v. *Martin*, 68 N. C., 307 : "The C. C. P. is liberal in giving the right to appeal. But it is of the nature of an appeal that it must be from some determination which *affects in whole or in part the legal or actual merits of the controversy.*"

In the recent case of *Commissioners of Wake* v. *Magnin*, 78 N. C., 181, an appeal was taken from a judgment overruling a demurrer, which was sustained upon authority, and the court say : "We have over and again entertained appeals from such orders, and although it may admit of doubt whether the Code would not bear a different construction, yet it is a matter of practice which experience can best test, and if found to be inconvenient, it can be easily altered by legislation or possibly by a rule of this court."

We shall not undertake in this indirect method to pass upon questions involving the competency and materiality of evidence before it can be known what it is, nor upon its force and effect upon the claims of the plaintiffs, or in adjusting the equities which may arise among the defendants themselves. Interruptions in the preparation of cases for trial by appeal are not to be favored, nor allowed unless the appeal comes within the provisions of the Code, and the more especially since it is now a matter of right and not subject to the control of the court.

The appeal must be dismissed, that the cause may proceed in the court below.

PER CURIAM.                    Appeal dismissed.