C. L. McPETERS v. G. D. RAY.

*Account—Evidence—Value of Services—Practice—Reference.*

1. When the plaintiff has exhibited an account for services rendered the defendant, it is competent for him to prove that he was in the service of the defendant for a longer period than that charged in the account, and to explain that the excess was the equivalent of time lost while he was in such employment.

2. It is also competent for a witness who testifies as to the value of the plaintiff's services, to assign in support of his estimate that he had himself previously employed the plaintiff and paid him at that rate.

3. This court cannot consider exceptions to findings of fact as being against the weight of evidence.

4. An order of reference to state the accounts of a co-partnership between its members will not be reversed, as having been prematurely made before the existence of such co-partnership had been established,

when no exception was taken at the time when the reference was made; when the right to a jury trial as to the existence of such asso⸱ ciation was expressly reserved in the order of reference; the co-part⸱ nership being admitted in the answer, as to a single transaction, and the verdict afterwards rendered on the question reserved being in af⸱ firmance of the plaintiff's claim as to the existence of the co-partner⸱ ship.

(*Schehan* v. *Malone*, 71 N. C., 440; *Brumble* v. *Brown*, Ib., 513; *Chester R. R. Co.* v. *Richardson*, 82 N. C., 343; *Mitchell* v. *Kilburn*, 74 N. C., 483, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of YANCEY Su⸱ perior Court, before *McKoy, J.*

Judgment for plaintiff, appeal by the defendant.

*Mr. J. M. Gudger,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendant.

SMITH, C. J.   This action is for an adjustment of the af⸱ fairs of an alleged co-partnership in the purchase and sale of mica, and for a claim for personal services rendered out⸱ side the joint business.   The defendant in his first answer denies the existence of a partnership for any purpose and his liability to any demand of the plaintiff, but in his sub⸱ sequent amendment admits a restricted co-partnership be⸱ tween themselves and C. F. Young in buying and disposing of, for their common benefit, a single lot of that material obtained from one McWm. Young in the year 1876.

Upon the trial of the cause at spring term, 1879, and be⸱ fore the answer was amended, the jury rendered a verdict (if in response to prepared issues the record does not dis⸱ close them) finding for the plaintiff, and awarding unascer⸱ tained profits in certain joint transactions, which was set aside at the cost of the plaintiff and an order of reference entered in these terms:

On motion of the plaintiff, the defendant not consenting thereto, it is ordered that E. W. Goolsby proceed after notice

to the parties to take and state an account of all the dealings and matters in this action, according to the pleadings, and report to the next term of this court. This order of reference is made without any prejudice whatever to the defendant's right to contest before a jury the existence of any partnership as set out in the answer, and in the event of the failure of the plaintiff to establish such partnership by a verdict of a jury, the cost of the reference to be borne by the plaintiff, otherwise to be paid as directed by the court.

The referee proceeded to hear the evidence and reported the same with his findings of fact and conclusions of law at fall term, 1880, from which it appears there was due the plaintiff on the 4th day of August, 1880, the sum of $560.20½ whereof $459.85½ is principal money, and to bear interest thereafter.

Several exceptions were taken to the report by the defendant, which were overruled, and the amended answer put in ; and thereupon in response to issues submitted, the jury say that the parties were during the year 1876 engaged as copartners in the mica trade, and the joint business extended to other transactions outside the material bought of McW. Young. The exception being overruled, the report confirmed and judgment rendered for the plaintiff, the defendant appealed.

These exceptions and the rulings thereon are now before us for review.

For that the referee admitted and acted on illegal and irrelevant evidence: There was but a single witness examined besides the parties to the action. The exception is vague and indefinite, and could not be noticed except by reference to the objections made to testimony admitted during the examination of the plaintiff's witnesses, and which were properly overruled. It was entirely competent for the plaintiff to prove that he was in the service of the defend-

ant for a longer period than that charged in his account, and to explain that the excess was the equivalent of time lost while he was in the defendant's employment, and equally so for the independent witness to be allowed to assign in support of his estimate of the value of the services, that he had himself previously employed the plaintiff and paid him at that rate.   These and other exceptions noted during the taking of the testimony are so entirely untenable, if not frivolous, that they were not insisted on in argument. *Schehan* v. *Malone*, 71 N. C., 440 ; *Brumble* v. *Brown Ib.* 513.

The several exceptions to the findings as being against the evidence or its weight are not reviewable, and if they were, derive no support from a consideration of the testimony taken.

The only remaining exception, the substance of which is not embodied in the preceding, is to the making the order of reference before the disputed fact of partnership was settled by the verdict.   This is the only matter pressed on us in the present hearing and has but little if any more merit.

1. While the record shows it was not a reference by consent, no exception was then taken and noted to the ruling, the proper practice, when it is intended to be relied on, as pointed out in *Mitchell* v. *Kilburn*, 74 N. C., 483, and *Chester R. R. Co.* v. *Richardson*, 82 N. C., 343.

2. The order was made with special reservation of the right to a jury trial of the asserted and denied copartnership, and if rendered unnecessary by reason of the finding, at the plaintiffs' costs.

3. The amended answer admits a copartnership in a single transaction, and this admission though posterior in time is a confirmation of the order before made, and removes the objection.

4. The verdict sustains the reference as the previous confused findings point out, and we presume suggested the propriety of making it.

30

5. No harm has come to the defendant by reason of the reversed usual course of procedure in cases where a defence to the action is set up which if valid puts an end to it, and dispenses with the taking of an account, and we are not prepared to say that the order is not within the scope of section 245, C. C. P., and sanctioned by it, nor that the departure from the usual and orderly course of procedure in giving precedence to the reference when every right of a defendant is secured to him, would constitute error and vitiate the trial. There is no error, and the judgment must be affirmed.

No error.                                              Affirmed.