STATE ex rel. COMMISSIONERS OF WAKE v. ALBERT MAGNIN and others.

*Reference—Practice—Appeal.*

1. A referee under the code should report in writing all the testimony taken by him, and file copies of all documents adduced in evidence and considered by him.

2. Referees should exercise their own judgment in taking and mak-

ing up accounts which they are required to state; not merely adopt a statement made by other parties; and *it seems* that the items should be given in detail, and not simply the result of an adjustment. of them.

3. When exception is taken to the failure of a referee to report evidence the omission may be supplied by an order for its production, if it has been preserved in writing, but when it has not been so preserved, a re-committal of the report becomes necessary.

4. Where the court orders a compulsory reference to state an account, an appeal does not lie from an order re-committing the report of the referee for the correction of errors and irregularites.

( *State ex rel. &c.,* v. *Peebles,* 67 N. C., 97 ; *University* v. *Lassiter,* 83 N. C., 38 ; *Cain* v. *Nicholson,* 77 N. C., 411 ; *McCampbell* v. *McClung,* 75 N. C., 393 ; *Bushee* v. *Surles,* 79 N. C., 51, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

The action was brought on the official bond of defendant, Magnin, as treasurer of Wake county, and heard before His Honor upon exceptions to the report of a referee. Both parties appealed from the ruling below.

*Messrs. Geo. H. Snow* and *T. R. Purnell,* for plaintiffs.

*Messrs. Hinsdale & Devereux, Fowle* and *Haywood,* for defendants.

SMITH, C. J. When this cause was before us upon the defendants' appeal from the judgment overruling their demurrer (78 N. C., 186) it was decided that the action was brought by the proper relators and a cause of action sufficiently set out in the complaint. Answers were subsequently filed, replication made thereto, and thereupon at fall term, 1877, the cause was referred to George V. Strong " to state an account," which order was modified at January term, 1879, by substituting S. G. Ryan as referee. At February term following one of the defendants, A. W. Shaffer, a surety to the bond, withdrew his answer, and submitted to

judgment for the penalty thereof, to be discharged on pay-
ment of the sum demanded by the relators and the interest
meanwhile accrued. At the succeeding term of the court
the referee made his report, with the oral testimony heard
in which he finds that certain appointees of the relators
under their direction to examine the books and papers of
the defendant, Magnin, ascertained and reported his default
at $1,111.36, and that the referee, upon an examination of
his vouchers, finds the same to be correct, and that the
interest thereafter accruing to July 9, 1879, ($338.92) is to
be added to that sum. ,Among the depositions accompany-
ing the report is that of Magnin himself, who states that he
exhibited before those appointees all the vouchers which he
has and knows of no others, and of W. W. White, the clerk
of the board of commissioners, to the effect that he pro-
duced before the referee the vouchers deposited by Magnin
in his office. It does not appear that any one of them was
rejected or any objection made to its allowance.

The court submitted to the jury the inquiry whether any
demand was made on the defendant, Magnin, before the ac-
tion commenced, to which there was an affirmative response,
and declined to submit any other issues.

Numerous exceptions were taken to the referee's report
by the defendants, some of which were disallowed, the re-
port set aside and the matter re-referred with directions.
From so much of these rulings as are adverse to the par-
ties, plaintiffs and defendants, they respectively appeal.

It is only necessary to notice the allowed exceptions since
the result in the order of the recommittal would be in no
manner affected by a different determination of the others.
These assign in their support:

1. The omission of the referee to report in writing all the
testimony heard and considered by him.

3. The neglect to file copies of part of the records of the
county commissioners, consisting of orders, accounts, vouch-

ers and other writings, which were offered in evidence by the contesting parties.

4. The failure of the referee to exercise his own judgment in taking and making up his account, and his adoption of that made by the appointees of the relators.

6. The inability of defendants for want of this information to frame explicit exceptions to the report, and to the admission and rejection of evidence.

In passing upon these exceptions his Honor was of opinion that the referee has not "stated an account" in accordance with the terms of the order of reference in not setting out the series of debits and credits of which it should consist, nor exercised his own judgment in making it up, and he further finds as a fact that the referee has not reported all the evidence which was before him and on all which he has acted. Thereupon the order of re-reference was made.

"It is a well settled rule," says the court in *State v. Peebles*, 67 N. C., 97, "that exceptions to such reports must be made *as a matter of right* at the court to which the report is made," and the practice is again recognized and sustained in *University v. Lassiter*, 83 N. C., 38.

To enable a party to exercise the right intelligently it is necessary that the evidence and exhibits should accompany the report and be open to the examination of counsel. If the evidence is preserved the omission may be remedied by an order for its production, and the costs, delay and labor of a new reference avoided. When the evidence is not in a form admitting of its being afterwards transmitted, the re-committal of the report becomes necessary for a fair and proper hearing of the matters in difference. *Cain v. Nicholson*, 77 N. C., 414. The ruling of the court that the order of reference required a detailed statement of the items of the account, and not the mere result of an adjustment of them seems to be sustained by the decision in *McCampbell v. McClung*, 75 N. C., 393.

But apart from the question of the sufficiency of the reasons assigned for the action of the court in setting aside the report and recommitting the matter of the reference, the order is in our opinion within the sound discretion of the judge in conducting the trial and is not the subject of appeal.

In *Bushee* v. *Surles*, 79 N. C., 51, the report was returned by the referee and exception filed by the defendant. On the plaintiff's motion and without passing on the exceptions the court set aside the report and having vacated the order of reference proceeded to try the cause. In answer to an objection that he had not the power, at that stage of the proceeding to make the order, the court say :- " We think he did have the power and that the exercise of his discretion in regard thereto is not reviewable in this court, as it is in a certain class of references under C. C. P."

The proper and orderly method of procedure in actions against those who receive and disburse the funds of others is first to dispose of such defences as go to defeat the action and may require the intervention of a jury, as the findings may be such as dispense with a reference and put an end to the suit. And if such reference is ordered by the court of its own motion or on application of one of the parties, as may be done in the cases specified in section 245, and it appears from the report that the moneys received have been kept and paid out as required by law and that nothing is due, the plaintiff must fail in his action because there has been no default in official duty. The awarding of the jury trial upon one issue without exception shows that the reference, compulsory as we understand, was not intended to conclude the defendants from maintaining any proper defense they may have to the action—notwithstanding the order.

This view of the case disposes of all exceptions of either party to the ruling of the court in the order of re-reference, which neutralizes their force, as a new trial supersedes all errors and irregularities which may have been committed

upon the first trial. They will not come up again unless repeated.

There is no error and the judgment must be affirmed. Let this be certified that the cause may proceed in the court below.

No error.                                        Affirmed.