In LEAK v. COVINGTON, from Richmond :

*Reference—Appeal.*

1. A compulsory reference may be ordered where the taking of an account shall be necessary for the information of the court before judgment.
2. The order appealed from in this case does not effect a "substantial right," and the appeal is therefore dismissed.

SMITH, C. J.   The plaintiff, as executrix of John W. Leak, on behalf of herself and all other creditors of William L. Covington, deceased, brings this action against the defendants, his executors, legatees and devisees, to enforce contribution from his estate for moneys paid by the plaintiff upon the liability of her testator, as a surety upon the administration bond of one James A Covington, to whom had been committed administration on the estate of John W. Covington, to which bond the testator William L., was the only solvent co-surety, and the plaintiff seeks to recover judgment for his moiety of the money so paid, and to follow and subject his estate in the hands of the defendant executors, legatees and devisees, personal and real, to the payment of his debts.

The plaintiff demands the appointment of a receiver to take charge of the funds as they may be recovered, that an account be taken of the funds which are or ought to be in the hands of the said executors, and which have been delivered to the legatees of the testator's estate, to the end that the same be applied to the discharge of the indebtedness to the plaintiff and others ; and in the event of a deficiency of such assets, that the devised lands be charged therewith.

The defendants in their answer, not denying the material allegations upon which the plaintiff's claim rests, as a defence to the action, say, that the estate of the testator has

been fully administered without notice of this asserted liability of the testator, and rely upon this and the statutory bars limiting the time for bringing actions against representatives of deceased debtors, to two and seven years respectively, provided in the Revised Code, ch. 65, §§ 11, 12, and 13, as also upon the long and continuous adverse possession of the several legatees and devisees of the bequeathed and devised estates.

At spring term, 1882, an order of reference was entered in these words: " In this cause, it is ordered, that D. Stewart and R. A. Johnson be, and they are hereby appointed referees to take and state an account of the administration of the estate of W. L. Covington, deceased, by his executors E. P. Covington ond A. A. Covington, under the plea of no assets and fully administered set up in the answer, and make their report to the next term of this court."

From this order the plaintiff appeals, assigning as error that the defences to the maintenance of the suit should first be disposed of by a jury trial, and that the reference is premature and irregular.

It is true, as we have often said, that the regular and orderly mode of procedure is to have those defences set up in bar of the action first tried and settled, since if valid, they dispense with the necessity of a reference, and are in their nature preliminary to taking an account. *R. R. Co.* v. *Morrison*, 82 N. C., 141.; *Commissioners* v. *Magnin*, 85 N. C., 114. At the same time a compulsory reference may be ordered by the judge, " when the taking of an account shall be necessary," for the information of the court before judgment." C. C. P., §245. And in *McPeters* v. *Ray*, 85. N. C., 462, it is said that " we are not prepared to say that the order is not within the scope " of this provision of the Code. In such case it would be of course, whether so stated or not in the order, without prejudice to the defences relied on to defeat the action.

But we are at a loss to understand what objection the appellant can take to an order' he himself asks for in his complaint, and which cannot impair any of his rights, while it may perhaps facilitate a final determination of the cause in settling the whole controversy at once. The order certainly does not " affect a substantial right" claimed in the action or proceeding by the appellant, but rather is in furtherance of his demand.

The appeal cannot be sustained and must be dismissed, and the cause be allowed to proceed as if no appeal had been attempted.

Let this be certified.

Per Curiam.                              Appeal dismissed.