M. M. LUTZ v. W. P. CLINE and others.

*Appeal—Reference.*

No appeal lies, where the rulings upon exceptions to a referee's report and an order of recommittal do not affect the substantial rights of either party.

(*Bank* v. *Jenkins,* 64 N. C., 719; *Wallington* v. *Montgomery* (and cases cited), 74 N. C., 372; *Rollins* v. *Rollins,* 76 N. C., 264; *Railroad* v. *Richardson,* 82 N. C., 343; *Commissioners* v. *Magnin,* 85 N. C., 114; *Sloan* v. *McMahon, Ib.,* 296; *Leak* v. *Covington,* 87 N. C., 501; *Moore* v. *Hinnant, Ib.,* 505, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of LINCOLN Superior Court, before *Shipp, J.*

*Messrs. D. Schenck* and *Reade, Busbee & Busbee,* for plaintiff.
*Messrs. M. L. McCorkle* and *Hoke & Hoke,* for defendants.

MERRIMON, J.   The plaintiff brought this action against the defendants, as executors of the will of O. P. Bost, deceased, who was in his life-time the guardian of the plaintiff, then an infant, to obtain an account and settlement with the estate of his said guardian in respect to the guardianship of himself.

Upon the complaint and answer, the court directed an account to be taken, and made an order of reference to that end.   The referee proceeded to take and state the account and made report of the same.   To this report, the defendant filed sundry exceptions.   The court heard the action upon the report and the exceptions thereto.   Some of the exceptions were sustained, others were overruled, and in some respects the report was confirmed.

The court then, preparatory to giving final judgment, recommitted the report, with directions to correct the same in accordance with its rulings in respect thereto. From this order of recommittal and rulings adverse to him, the plaintiff appealed to this court.

The law does not contemplate that actions are to be brought into this court for the correction of errors, in fragments or sections. On the contrary, every action should be brought, or as nearly as practicable, as a harmonious whole, and tried and disposed of in all its parts in order, and continuously, until finally disposed of upon its merits as a complete litigation. Generally, errors, if suggested at any stage, should be appropriately noticed and set forth in the record, so that in due time they may in the course of procedure be regularly passed upon, either by the superior court in correcting its own errors, or by this court upon appeal. There ought to be, and in every well tried action there is, an orderly and logical oneness; it has a beginning, successive intermediate steps and an end; each part has its appropriate place, and each part is affected by, and immediately, or mediately, supports every other part.

In the case before us, no appeal lies at the present stage of the action. The rulings upon the exceptions and the order of recommittal do not affect any substantial right claimed by either the plaintiff or the defendants that must be presently determined, or lost or prejudiced. In the further progress of the action, other exceptions may be taken by the one side or the other, or it may turn out, the court can and will correct its own errors, when the merits are more fully developed. In any case, the appeal will not be cut off in the end, nor can harm result from the delay; and time and expense will be saved by finishing the action in the superior court, and bringing the whole up together. In the orderly progress of the action, any proper exception might have been entered in the record, to be passed upon, on appeal from the final judgment in the superior court. Nor do the rulings of the court upon the exceptions to the report and the

order thereupon determine the action and present a judgment from which an appeal may be taken; nor do they discontinue the action; nor do they grant or refuse a new trial. In no possible aspect of the case does an appeal lie at its present stage. If the supposed appeal could be sustained, the practical result would be to stop the progress of the action until this court could pass upon the legality of an inconclusive interlocutory order upon appeal! A more striking and appropriate comment than this could scarcely be made upon the latitudinous construction constantly given to the section of THE CODE providing for appeals to this court. *The Bank* v. *Jenkins*, 64 N. C., 719; *Childs* v. *Martin*, 68 N. C., 307; *Gray* v. *Gaither*, 71 N. C., 54; *Wallington* v. *Montgomery*, 74 N. C., 372; *Rollins* v. *Rollins*, 76 N. C., 264; *Sutton* v. *Schonwald*, 80 N. C., 20; *R. R. Co.* v. *Richardson*, 82 N. C., 343; *Commissioners* v. *Magnin*, 85 N. C., 114; *Sloan* v. *McMahon*, 85 N. C., 296; *Leak* v. *Covington*, 87 N. C., 501; *Moore* v. *Hinnant*, 87 N. C., 505.

The appeal in this case was prematurely taken; it did not lie as supposed. The case must be remanded to the end that the superior court may proceed to determine it according to law. It is so ordered.

Error.                                          Remanded.