IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-127

 No. COA21-306

 Filed 1 March 2022

 New Hanover County, No. 18 E 612

 IN THE MATTER OF:

 FRANK NINO MAGESTRO, Deceased

 Appeal by caveators from an order entered 16 December 2020 by Judge George

 Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals

 19 October 2021.

 McGuire, Wood & Bissette, P.A., by Mary E. Euler & Joseph P. McGuire, for
 Caveators-Appellants.

 Coastal Legal Counsel, by A. David Ervin, and Graves May, PLLC, by Rick E.
 Graves, for Propounder-Appellee.

 INMAN, Judge.

¶1 This appeal arises from many of the same underlying facts as those found in

 Parks v. Johnson, 2022-NCCOA-_______, COA21-51 (March 1, 2022), also filed today.

 In that case, Caveators-Appellants (the Magestros”), filed a declaratory judgment

 action seeking to construe the will of their deceased brother, Frank Nino Magestro

 (“Mr. Magestro”), in their favor and in a manner that would preclude any devise to

 Propounder-Appellee Peggy L. Johnson (“Ms. Johnson”).
 IN RE MAGESTRO

 2022-NCCOA-127

 Opinion of the Court

¶2 After the trial court rejected the Magestros’ arguments in the declaratory

 judgment action and declared Ms. Johnson an heir under the will, the Magestros filed

 this caveat action to have the will set aside so that they may take by intestacy to the

 exclusion of Ms. Johnson. The trial court dismissed the Magestros’ caveat action on

 estoppel grounds, and the Magestros now appeal that dismissal. Because our decision

 in Parks renders resolution of the Magestros’ caveat action without practical effect—

 as the Magestros will take through application of the intestacy statutes independent

 of the validity of Mr. Magestro’s will—we dismiss this appeal as moot.

 I. FACTUAL AND PROCEDURAL HISTORY

¶3 Much of the operative facts and law applicable to this case may be found in

 Parks. We outline below the facts pertinent to our holding that Parks renders this

 appeal moot.

 1. The 1983 Will and Declaratory Judgment Action

¶4 Mr. Magestro executed a will in March 1983 (the “1983 Will”) that included

 several devises referencing his then-wife Carol L. Magestro (“Carol”). Specifically,

 the will devised Mr. Magestro’s entire estate to Carol or, should she predecease him,

 to any children of their marriage. The will also included a residuary clause providing

 that, in the event Carol predeceased Mr. Magestro and there were no children of their
 IN RE MAGESTRO

 2022-NCCOA-127

 Opinion of the Court

 marriage, half of the estate would pass to Carol’s mother or her descendants1 and half

 would pass to Mr. Magestro’s parents or their descendants.2

¶5 Mr. Magestro divorced Carol in 2016 and died in 2018. The 1983 Will was

 submitted to probate and Leah Magestro, a caveator-appellant in this case, qualified

 as executor of his estate. The Magestros then filed a declaratory judgment action in

 superior court, arguing that they are the sole heirs of Mr. Magestro’s estate through

 application of Sections 31-5.4 and 31-42(b) of our General Statutes.

 2. Resolution of the Declaratory Judgment Action

¶6 The Magestros argued in the declaratory judgment action that the 1983 Will’s

 direct devise to Carol must be struck by Section 31-5.4, which “revokes all provisions

 in [a] will in favor of the testator’s former spouse” upon their divorce, N.C. Gen. Stat.

 § 31-5.4 (2021), and that because Carol did not predecease Mr. Magestro, the

 residuary fails, and Section 31-42(b)—which governs failed devises—requires that

 Mr. Magestro’s estate “pass by intestacy.” N.C. Gen. Stat. § 31-42(b) (2021). The trial

 court ruled in favor of Ms. Johnson and the Magestros appealed one month later; as

 1 Carol’s mother predeceased Mr. Magestro, and Carol and Ms. Johnson are her only

 children; as such, Ms. Johnson is the sole member of the class described in this portion of the
 residuary.
 2 Mr. Magestro’s parents predeceased him, so the Magestros constitute this class of

 potential inheritors.
 IN RE MAGESTRO

 2022-NCCOA-127

 Opinion of the Court

 explained in our decision in Parks, we agree with the Magestros’ theory and reverse

 the trial court’s ruling in favor of Ms. Johnson. Parks, ¶ 25.

 3. The Caveat

¶7 While their appeal in the declaratory judgment case was pending before this

 Court, the Magestros filed a caveat on 26 August 2020 seeking to invalidate the 1983

 Will. Ms. Johnson moved to dismiss the caveat on 29 October 2020, and the

 Magestros filed an amended caveat on 8 December 2020. The amended caveat alleged

 various facts—all of which were known to at least some of the Magestros prior to

 filing the declaratory judgment action—purporting to show that Mr. Magestro

 intended to revoke the 1983 Will shortly before his death. The amended caveat did

 not allege that any other will exists and did not seek to propound any other document

 as Mr. Magestro’s last will and testament.3 As acknowledged by both parties, a

 successful caveat of the 1983 Will would render the Magestros his sole heirs by

 operation of our intestacy statutes. In short, both the declaratory judgment action in

 Parks and the caveat action here seek the same practical end: the disbursement of

 Mr. Magestro’s estate to the Magestros as his intestate heirs.

 3 The Magestros did attach an unsigned, unexecuted draft will that was purportedly

 written by Mr. Magestro in 2015 through LegalZoom. The Magestros did not seek to
 propound that document as a valid will and, in any event, that draft will left the entirety of
 Mr. Magestro’s estate to three of the four caveators and nothing to Ms. Johnson.
 IN RE MAGESTRO

 2022-NCCOA-127

 Opinion of the Court

¶8 The trial court heard Ms. Johnson’s motion to dismiss on 14 December 2020,

 with Ms. Johnson arguing that various estoppel doctrines barred the Magestros’

 caveat in light of the trial court’s judgment in Parks. On 16 December 2020, the trial

 court entered an order dismissing the caveat. The Magestros timely filed notice of

 appeal, and the matter was consolidated for oral argument with Parks. Ms. Johnson

 moved this Court to dismiss the appeal, but her counsel withdrew that motion at oral

 argument.

 II. ANALYSIS

¶9 Since at least as early as 1878, our appellate courts have dismissed moot

 appeals without reaching their merits. See, e.g., State ex rel. Crawley v. Woodfin, 78

 N.C. 4, 6 (1878). “As a general proposition, North Carolina appellate courts do not

 decide moot cases.” Chavez v. McFadden, 374 N.C. 458, 467, 843 S.E.2d 139, 146

 (2020). The doctrine is one of judicial restraint rather than jurisdiction, id. at 467,

 843 S.E.2d at 146-47, and is subject to several exceptions. Id. at 467, 843 S.E.2d at

 147.4 We will exercise this judicial restraint and dismiss an appeal “when a

 determination is sought on a matter which when rendered, cannot have any practical

 effect on the existing controversy.” Roberts v. Madison Cnty. Realtors Ass’n, Inc., 344

 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). The doctrine is employed:

 [t]o ensure that this Court does not determine matters

 4 The parties have not argued that any exception to the doctrine applies here.
 IN RE MAGESTRO

 2022-NCCOA-127

 Opinion of the Court

 purely speculative, enter anticipatory judgments, declare
 social status, deal with theoretical problems, give advisory
 opinions, answer moot questions, adjudicate academic
 matters, provide for contingencies which may hereafter
 arise, or give abstract opinions.

 Chavez, 374 N.C. at 467, 843 S.E.2d at 147 (quotation marks and citations omitted).

¶ 10 We dismiss this appeal as moot in light of our decision in Parks. Per our

 holding in that case, the application of Sections 31-5.4 and 31-42(b) to the 1983 Will,

 along with our mandate to give effect to the testator’s intent, results in Mr. Magestro’s

 estate passing by intestacy to his siblings. Parks, ¶ 25.

¶ 11 If we affirmed the trial court’s dismissal of the caveat, or if we reversed the

 dismissal and the trial court concluded on remand that the 1983 Will is valid, then

 the Magestros would take the entirety of Mr. Magestro’s estate through execution of

 the declaratory judgment required by Parks.5 The end result would be no different

 than if we reversed the dismissal of the caveat and the trial court ultimately voided

 5 Appellee acknowledged at oral argument that she would not caveat the 1983 Will if

 we were to rule against her in Parks, as she only takes from Mr. Magestro’s estate if she
 prevails in that appeal and the 1983 Will is valid. Though her counsel suggested some
 unknown party might attempt to caveat the 1983 Will depending on our ruling in Parks, we
 cannot discern who would. The Magestros are the only siblings of Mr. Magestro, who died
 divorced, with no surviving parents, and without any lineal descendants. There is no
 indication that Mr. Magestro ever executed any other last will and testament that might be
 probated in place of the 1983 Will. The Magestros, as Mr. Magestro’s siblings, are thus the
 only persons entitled to take—by intestacy—from Mr. Magestro’s estate, whether that be by
 operation of the declaratory judgment mandated by our decision in Parks or by a
 straightforward invalidation of the 1983 Will. See N.C. Gen. Stat. §§ 29-13, 29-15, and 29-16
 (2021) (collectively providing that the estate of an unmarried decedent, dying intestate
 without lineal descendants or surviving parents, passes to his siblings).
 IN RE MAGESTRO

 2022-NCCOA-127

 Opinion of the Court

 the 1983 Will. In the absence of any competing document purported to be Mr.

 Magestro’s last will and testament, the Magestros would again take the entirety of

 the estate through intestacy. §§ 29-13, 29-15, and 29-16. In other words, this appeal

 is moot because its resolution “cannot have any practical effect on the existing

 controversy.” Roberts, 344 N.C. at 398-99, 474 S.E.2d at 787 (emphasis added). We

 therefore dismiss the Magestros’ appeal without reaching the merit of the trial court’s

 order dismissing their caveat on estoppel grounds.

 III. CONCLUSION

¶ 12 For the foregoing reasons, we hold that this appeal is moot in light of our

 decision in Parks. The Magestros’ appeal is dismissed.

 DISMISSED AS MOOT.

 Chief Judge STROUD and Judge CARPENTER concur.