IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-127

No. COA21-306

Filed 1 March 2022

New Hanover County, No. 18 E 612

IN THE MATTER OF:

FRANK NINO MAGESTRO, Deceased

Appeal by caveators from an order entered 16 December 2020 by Judge George Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals 19 October 2021.

> *McGuire, Wood & Bissette, P.A., by Mary E. Euler & Joseph P. McGuire, for Caveators-Appellants.*
>
> *Coastal Legal Counsel, by A. David Ervin, and Graves May, PLLC, by Rick E. Graves, for Propounder-Appellee.*

INMAN, Judge.

¶ 1      This appeal arises from many of the same underlying facts as those found in *Parks v. Johnson*, 2022-NCCOA-_____, COA21-51 (March 1, 2022), also filed today. In that case, Caveators-Appellants (the Magestros"), filed a declaratory judgment action seeking to construe the will of their deceased brother, Frank Nino Magestro ("Mr. Magestro"), in their favor and in a manner that would preclude any devise to Propounder-Appellee Peggy L. Johnson ("Ms. Johnson").

After the trial court rejected the Magestros' arguments in the declaratory judgment action and declared Ms. Johnson an heir under the will, the Magestros filed this caveat action to have the will set aside so that they may take by intestacy to the exclusion of Ms. Johnson. The trial court dismissed the Magestros' caveat action on estoppel grounds, and the Magestros now appeal that dismissal. Because our decision in *Parks* renders resolution of the Magestros' caveat action without practical effect—as the Magestros will take through application of the intestacy statutes independent of the validity of Mr. Magestro's will—we dismiss this appeal as moot.

## I.   FACTUAL AND PROCEDURAL HISTORY

Much of the operative facts and law applicable to this case may be found in *Parks*. We outline below the facts pertinent to our holding that *Parks* renders this appeal moot.

### 1. *The 1983 Will and Declaratory Judgment Action*

Mr. Magestro executed a will in March 1983 (the "1983 Will") that included several devises referencing his then-wife Carol L. Magestro ("Carol"). Specifically, the will devised Mr. Magestro's entire estate to Carol or, should she predecease him, to any children of their marriage. The will also included a residuary clause providing that, in the event Carol predeceased Mr. Magestro and there were no children of their

marriage, half of the estate would pass to Carol's mother or her descendants[1] and half would pass to Mr. Magestro's parents or their descendants.[2]

¶ 5    Mr. Magestro divorced Carol in 2016 and died in 2018. The 1983 Will was submitted to probate and Leah Magestro, a caveator-appellant in this case, qualified as executor of his estate. The Magestros then filed a declaratory judgment action in superior court, arguing that they are the sole heirs of Mr. Magestro's estate through application of Sections 31-5.4 and 31-42(b) of our General Statutes.

## 2. *Resolution of the Declaratory Judgment Action*

¶ 6    The Magestros argued in the declaratory judgment action that the 1983 Will's direct devise to Carol must be struck by Section 31-5.4, which "revokes all provisions in [a] will in favor of the testator's former spouse" upon their divorce, N.C. Gen. Stat. § 31-5.4 (2021), and that because Carol did not predecease Mr. Magestro, the residuary fails, and Section 31-42(b)—which governs failed devises—requires that Mr. Magestro's estate "pass by intestacy." N.C. Gen. Stat. § 31-42(b) (2021). The trial court ruled in favor of Ms. Johnson and the Magestros appealed one month later; as

---

[1] Carol's mother predeceased Mr. Magestro, and Carol and Ms. Johnson are her only children; as such, Ms. Johnson is the sole member of the class described in this portion of the residuary.

[2] Mr. Magestro's parents predeceased him, so the Magestros constitute this class of potential inheritors.

explained in our decision in *Parks,* we agree with the Magestros' theory and reverse the trial court's ruling in favor of Ms. Johnson. *Parks*, ¶ 25.

### 3. The Caveat

¶ 7    While their appeal in the declaratory judgment case was pending before this Court, the Magestros filed a caveat on 26 August 2020 seeking to invalidate the 1983 Will. Ms. Johnson moved to dismiss the caveat on 29 October 2020, and the Magestros filed an amended caveat on 8 December 2020. The amended caveat alleged various facts—all of which were known to at least some of the Magestros prior to filing the declaratory judgment action—purporting to show that Mr. Magestro intended to revoke the 1983 Will shortly before his death. The amended caveat did not allege that any other will exists and did not seek to propound any other document as Mr. Magestro's last will and testament.[3] As acknowledged by both parties, a successful caveat of the 1983 Will would render the Magestros his sole heirs by operation of our intestacy statutes. In short, both the declaratory judgment action in *Parks* and the caveat action here seek the same practical end: the disbursement of Mr. Magestro's estate to the Magestros as his intestate heirs.

---

[3] The Magestros did attach an unsigned, unexecuted draft will that was purportedly written by Mr. Magestro in 2015 through LegalZoom. The Magestros did not seek to propound that document as a valid will and, in any event, that draft will left the entirety of Mr. Magestro's estate to three of the four caveators and nothing to Ms. Johnson.

¶ 8     The trial court heard Ms. Johnson's motion to dismiss on 14 December 2020, with Ms. Johnson arguing that various estoppel doctrines barred the Magestros' caveat in light of the trial court's judgment in *Parks*. On 16 December 2020, the trial court entered an order dismissing the caveat. The Magestros timely filed notice of appeal, and the matter was consolidated for oral argument with *Parks*. Ms. Johnson moved this Court to dismiss the appeal, but her counsel withdrew that motion at oral argument.

## II.     ANALYSIS

¶ 9     Since at least as early as 1878, our appellate courts have dismissed moot appeals without reaching their merits. *See, e.g.*, *State ex rel. Crawley v. Woodfin,* 78 N.C. 4, 6 (1878). "As a general proposition, North Carolina appellate courts do not decide moot cases." *Chavez v. McFadden*, 374 N.C. 458, 467, 843 S.E.2d 139, 146 (2020). The doctrine is one of judicial restraint rather than jurisdiction, *id.* at 467, 843 S.E.2d at 146-47, and is subject to several exceptions. *Id.* at 467, 843 S.E.2d at 147.[4]     We will exercise this judicial restraint and dismiss an appeal "when a determination is sought on a matter which when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cnty. Realtors Ass'n, Inc.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). The doctrine is employed:

> [t]o ensure that this Court does not determine matters

---

[4] The parties have not argued that any exception to the doctrine applies here.

> purely speculative, enter anticipatory judgments, declare
> social status, deal with theoretical problems, give advisory
> opinions, answer moot questions, adjudicate academic
> matters, provide for contingencies which may hereafter
> arise, or give abstract opinions.

*Chavez*, 374 N.C. at 467, 843 S.E.2d at 147 (quotation marks and citations omitted).

¶ 10    We dismiss this appeal as moot in light of our decision in *Parks*. Per our holding in that case, the application of Sections 31-5.4 and 31-42(b) to the 1983 Will, along with our mandate to give effect to the testator's intent, results in Mr. Magestro's estate passing by intestacy to his siblings. *Parks*, ¶ 25.

¶ 11    If we affirmed the trial court's dismissal of the caveat, or if we reversed the dismissal and the trial court concluded on remand that the 1983 Will is valid, then the Magestros would take the entirety of Mr. Magestro's estate through execution of the declaratory judgment required by *Parks*.[5] The end result would be no different than if we reversed the dismissal of the caveat and the trial court ultimately voided

---

[5] Appellee acknowledged at oral argument that she would not caveat the 1983 Will if we were to rule against her in *Parks*, as she only takes from Mr. Magestro's estate if she prevails in that appeal *and* the 1983 Will is valid. Though her counsel suggested some unknown party might attempt to caveat the 1983 Will depending on our ruling in *Parks*, we cannot discern who would. The Magestros are the only siblings of Mr. Magestro, who died divorced, with no surviving parents, and without any lineal descendants. There is no indication that Mr. Magestro ever executed any other last will and testament that might be probated in place of the 1983 Will. The Magestros, as Mr. Magestro's siblings, are thus the only persons entitled to take—by intestacy—from Mr. Magestro's estate, whether that be by operation of the declaratory judgment mandated by our decision in *Parks* or by a straightforward invalidation of the 1983 Will. *See* N.C. Gen. Stat. §§ 29-13, 29-15, and 29-16 (2021) (collectively providing that the estate of an unmarried decedent, dying intestate without lineal descendants or surviving parents, passes to his siblings).

the 1983 Will. In the absence of any competing document purported to be Mr. Magestro's last will and testament, the Magestros would again take the entirety of the estate through intestacy. §§ 29-13, 29-15, and 29-16. In other words, this appeal is moot because its resolution "cannot have any *practical* effect on the existing controversy." *Roberts*, 344 N.C. at 398-99, 474 S.E.2d at 787 (emphasis added). We therefore dismiss the Magestros' appeal without reaching the merit of the trial court's order dismissing their caveat on estoppel grounds.

## III.     CONCLUSION

For the foregoing reasons, we hold that this appeal is moot in light of our decision in *Parks.* The Magestros' appeal is dismissed.

DISMISSED AS MOOT.

Chief Judge STROUD and Judge CARPENTER concur.