JOHN L. JONES v. M. CALL and others.

*Appeal—Exceptions to report of Refesee.*

An appeal from an order sustaining some of the exceptions to a referee's report and overruling others, and recommitting the report with instructions to correct the same in confirmity to the ruling of the court, is premature and will be dismissed. Upon the coming in of the report and the rendition of a final judgment, all the exceptions can be noted and passed upon in one appeal.

JONES *v.* CALL.

CIVIL ACTION tried at Fall Term, 1883, of GUILFORD Superior Court, before *MacRae, J.*

Defendants appealed.


*Mr. John N. Staples,* for plaintiff.

*Messrs. Scott & Caldwell, J. A. Barringer, D. Schenck* and *Dillard & Morehead,* for defendants.


MERRIMON, J. The case presents several questions for our decision, if it were properly before us. We find, however, upon an examination of the record, that the appeal was prematurely taken. No appeal lies from the order excepted to, at the present stage of the action.

There was an order of reference under THE CODE; the referee made his report of findings of the facts, the law arising thereon, and stating an account; exceptions thereto were filed by the plaintiff and one of the defendants. The case was afterwards heard upon these exceptions. An order was entered sustaining some and overruling others of them, and recommitting the report with instructions to correct the same in conformity with the rulings of the court in respect to the exceptions, and from this order the defendants appealed to this court. It is settled that an appeal does not lie at once from every order or judgment that may be made in the progress of an action. Generally, in the order of procedure, it lies from the final judgment, and then it brings up, all together, the exceptions that may have been taken and noted in the record from time to time, and the whole are heard together. An action might easily be protracted indefinitely, if an appeal could be taken at once from every order or judgment, however unimportant or inconclusive, entered in the course of its progress, to say nothing of the inconvenience and practical absurdity of suspending, unnecessarily, its progress pending the determination of successive appeals in this court. The due administration of justice does not require such a course of practice, even if a fair construction of the statute providing for appeals to this court

would allow it, as it certainly does not. Indeed, if allowed, it would be at the cost of a due administration of justice, order, time and pecuniary expense.

There are instances in which orders and judgments entered in the progress of the action short of the final judgment may be appealed from at once, and in some cases the progress will be stayed pending the appeal, but such instances are exceptions to the general rule; and appeals are allowed in them, because to postpone the appeal until final judgment would result in an absolute loss of the right, or unavoidable prejudice to it. No rule has yet been settled classifying such cases, and perhaps it would be unwise to undertake to settle a rule definitely at this time; but it is settled that an appeal does not lie from such an order as that appealed from in this case. The order is interlocutory and inconclusive, and the exceptions to the rulings of the court embraced by it can just as well be considered after final judgment as now; and indeed, upon the coming in of the corrected report, the court may correct its own errors, if any exist.

No exception was taken to the appeal by counsel for the appellees, but it is the duty of the court to see that appeals come to this court in the case contemplated by the law and to uphold a just and wholesome practice. Well settled and orderly practice is essential to the life and vigor of the law; and it is one of the first duties of courts of justice to see that it is properly observed on all occasions. *Lutz* v. *Cline, ante,* 186, and cases there cited.

The appeal must be dismissed, and it is so ordered.

Per Curiam. Appeal dismissed.