JAS. W. GRANT, Adm'r, v. W. A. REESE and others.

### *Appeal—Reference and Referee.*

An appeal does not lie from an order recommitting the report of a referee with instructions to correct the same in conformity to the ruling of the court. (*Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call, Ib.*, 188, cited and approved).

CIVIL ACTION tried at Fall Term, 1880, of NORTHAMPTON Superior Court, before *Graves, J.*

*Mr. R. B. Peebles*, for plaintiff.

*Messrs. Gilliam & Gatling, W. C. Bowen* and *W. Bagley*, for defendants.

MERRIMON, J.   The record in this case is very voluminous, and the exceptions numerous, indefinite, imperfectly stated and complicated.   The court, from time to time, has given them much consideration.   At last, at the end of them, we find that the appeal was improvidently taken, and the case is not properly before us.

The trial of the action involved long and intricate accounts. The court ordered a reference; the referee took much testimony, stated the accounts and made report of the same. To this report the plaintiff and the defendants filed numerous exceptions, and the case was heard upon the report and the exceptions thereto.   The court sustained some of the exceptions, overruled others, and sustained others in part and overruled them in part, and made an order recommitting the report to the referee, with instructions to correct the same and make it conform to the ruling of the court.   From this order and the rulings of the court in respect to the exceptions complained of by the plaintiff, he appealed to this court.

It is manifest that an appeal did not lie at the present stage of the action.   There was no order or judgment from which an appeal might be taken until the final judgment should be entered. The exceptions, both of the plaintiff and the defendants, should have been carefully and definitely made and noted in the record at the time they were taken, and upon the coming in of the amended report, the court might have corrected its own errors, if such were brought to its attention, and then have given a final judgment, from which an appeal might be taken, bringing up all the exceptions and assignments of error for review and correction here.   This is the orderly course, and that contemplated by the statute providing for appeals to this court.

Although we have considered the case and could promptly decide the questions presented in the record for our decision, if the case were properly before us, we are not at liberty to do so. We have no authority to decide cases and questions not properly constituted before us, and it is the duty of the court to see that cases come before it according to law. It is essential to the integrity and authority of judicial decisions that the court shall have jurisdiction of the cases in which they are made, accordingly as the law directs. Just jurisdiction is indispensable—the life and vigor of judicial decisions depend on it.

The court has repeatedly construed the statute (THE CODE, §548) allowing appeals, and the practice in cases like this is well settled. Slight attention to the decisions of the court would prevent miscarriages like the present, and facilitate the administration of justice. *Lutz* v. *Cline*, 89 N. C., 186, and the cases there cited; *Jones* v. *Call, Ib.*, 188.

The case must be remanded, to the end, the superior court may proceed therein according to law as if no appeal had been taken, and it is accordingly so ordered.

Error.                                    Remanded.