R. A. TORRENCE and others v. E. C. DAVIDSON and others.

*Appeal—Reference.*

No appeal lies from an order recommitting the report of a referee.
(*Lutz* v. *Cline,* 89 N. C., 186; *Jones* v. *Call, Ib.,* 188, approved).

APPEAL from an order made at Spring Term, 1883, of MECK-LENBURG Superior Court, by *MacRae, J.*

*Messrs. Wilson & Son* and *Burwell & Walker,* for plaintiffs.
*Mr. W. P. Bynum,* for defendants.

MERRIMON, J.   There has been some irregularity and confusion in the conduct of this action, but it is not properly before us now, and we are not at liberty to suggest how the irregulari-

ties are to be corrected, or pass upon the merits of the important questions presented by the record and eventually to be settled. The appeal was prematurely taken.

The court below heard the case upon the report of the clerk and exceptions thereto, and having found the facts of the case and the law arising thereon, and settled the rights of the parties, ordered a recommittal of the report, with instructions to the clerk to so correct the same as to make it conform to-the findings and rulings of the court. From this order of recommittal the defendants appealed to this court.

It is manifest that this order is only incidental and interlocutory; and to execute it preparatory to a final judgment, cannot prejudice the party appealing. He can have every advantage by appeal after final judgment, when all exceptions are brought up and considered together, that he could have by an appeal at the present stage of the action.

It is well settled that an appeal does not lie from an order such as that appealed from in this case. So that the case is not before us. *Lutz* v. *Cline*, 89 N. C., 186; *Jones* v. *Call, Ib.*, 188.

The case must be remanded to the end that the superior court may proceed according to law.

Remanded.