W. H. BORDEN v. LOUIS D. GULLY.

*Evidence—Code, Section* 580.

In an action to rescind a contract for fraud, which fraud consisted in representing a bond, dated prior to August 1, 1868, to be unpaid, the obligor in such bond is a competent witness to prove that it has been paid. The *proviso* in section 580 *of T he Code*, making any person incompetent to testify, who, at any time, has had an interest in such bond, only applies to actions *founded* on the bond.

This was a civil action tried before *Gudger, Judge,* at January Term, 1885, of WAYNE Superior Court.

The plaintiff appealed.

The facts are stated in the opinion.

*Messrs. Faircloth & Allen* and *G. V. Strong,* for the plaintiff. No counsel for the defendant.

ASHE, J. This action was brought to rescind, for fraud, a contract, whereby the defendant, for a valuable consideration, had sold to the plaintiff a note under seal, executed by one Curtis H.

Brogden to one W. R. Brogden, deceased, on the 14th day of March, A. D. 1864, for the sum of four hundred dollars, or to recover damages on account of said fraud.

Evidence was given to the jury by the plaintiff, tending to prove said contract; and that the defendant, at the time thereof and just previous thereto, had represented to the plaintiff that said note was not paid, and that there were no set-offs against it; and that this representation was reasonably relied upon, by the plaintiff, and that it was a motive inducing to the contract on his part.

The plaintiff then offered the said Curtis H. Brogden as a witness, to prove that at the time said representation was made, and at the time of said contract, said note had been paid, and that the said payment was known to the defendant. The defendant objected, on the ground that said witness was incompetent to prove these facts, under section 580 of The Code. The court sustained the objection and ruled out the evidence, whereupon the plaintiff excepted, submitted to a judgment of non-suit, and appealed to this court.

Whether there was error in the ruling of His Honor in excluding the testimony of Curtis H. Brogden, depends upon the construction of section 580 of The Code, which reads: "A party to an action may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled in the same manner, and subject to the same rules of examination as any other witness, to testify, either at the trial or conditionally or upon commission: *Provided,* no person who is or shall be a party to an action founded on a judgment rendered before the first day of August, 1868, or on any bond executed prior to said date, or the assignor, endorser or any person who has at the time of the trial, or ever has had any interest in such judgment or bond, shall be a competent witness on the trial of such action."

The language of the section is too plain to admit of a doubt as to its construction. The restriction in the *proviso* has refer-

ence exclusively to an action upon the class of judgments and bonds mentioned therein.

The evident meaning of the *proviso* is, that no person who is, or shall be, a party to an *action founded* on a judgment, or to an *action* on any bond, or the assignor or endorser of such bond upon which the *action is founded*, or any person who has, at the time of the trial of such *action*, or ever has had any interest in such judgment or bond upon which the *action is founded*, shall be a competent witness on the trial of such *action upon* the said bond or judgment.

But here the action is to rescind a contract for a fraudulent representation as to the bond, and is not brought on the bond, and consequently the witness, Curtis H. Brogden, does not come within the restriction of the proviso, and its provisions have no application to this case.

There is error in the ruling of His Honor in excluding the testimony of Curtis H. Brogden. Therefore the judgment of the Superior Court is reversed. And this opinion must be certified to the Superior Court of Wayne county, that a *venire de novo* may be awarded to the plaintiff.

Error.                                        Reversed.