JAS. W. GRANT, Adm'r, v. W. H. HUGHES, Ext'r.

*Evidence—§580—Executors and Administrators—Trustees Purchasing at their own Sales—Accord and Satisfaction.*

1. The compensation to which an attorney will be entitled for his services as counsel in collecting a note executed before 1868, does not give him such an interest in the note as to render him an incompetent witness under §580 of *The Code.*

2. Where it is alleged that a person bought land at a sale to make assets, for, and as agent of the administrator, the deeds passed between them are competent evidence to show the true nature of the transaction.

3. Where it is alleged that an administrator purchased the land of his intestate at a sale to make assets, for himself, it is not competent for him to prove that other fiduciaries have acted in the same way.

4. While a defendant has the right to have a plea in bar passed on by a jury before an account is ordered, yet he may waive the right to have it passed on by a jury at all, and by consenting to a reference, he waives this right.

5. Where an order of reference is made without objection or opposition, it is equivalent to consent, and is a waiver of the right to have the issue tried by a jury.

6. If a debtor or obligor pay a less sum than is due, either before the day it is due, or for the convenience of a creditor at a place other than that named, or upon any other consideration advantageous to the creditor, or as a compromise upon an honest difference as to the amount due, it is good as an accord and satisfaction, and discharges the debt.

7. The rule is well settled that a receipt for money does not come within the rule that parol evidence cannot be heard to vary a written contract.

8. A receipt for a specific sum, is not even *prima facie* evidence of an accord and satisfaction, but if the receipt expresses that it is "in full," an inference may be drawn that it is in full satisfaction.

9. So where an executor of a former administrator settled with the administrator *de bonis non,* a receipt expressed to be in full of amount due to the estate, is not an accord and satisfaction, and it may be shown that a larger sum was due.

12

10. *It seems* that an appeal will lie from an order of reference, where there is an undisposed of plea in bar, and the defendant objects to the reference on that ground.

(*Slocomb* v. *Newby*, 1 Murph., 423; *Molyneux* v. *Huey*, 81 N. C., 106; *Syme* v. *Broughton*, 85 N. C., 367; *Borden* v. *Gully*, 92 N. C., 127; *White* v. *Beaman*, at this Term; *Clements* v. *Rogers*, 95 N. C., 248; *Neal* v. *Becknell*, 85 N. C., 299; *Com'rs of Wake* v. *Raleigh*, 88 N. C., 126; *Atkinson* v. *Whitehead*, 77 N. C., 418; *McPeters* v. *Ray*, 85 N. C., 462; *Smith* v. *Brown*, 3 Hawks, 580; *McCullen* v. *Hood*, 3 Dev., 219; *Railroad Co.* v. *Morrison*, 82 N. C., 141; *Castin* v. *Baxter*, 6 Ired. Eq., 197; *James* v. *Mathews*, 5 Jones Eq., 28; *Compton* v. *Culberson*, 2 Dev. Eq., 93; cited and approved).

This was a CIVIL ACTION, tried before *Gudger*, *Judge*, at Fall Term, 1886, of NORTHAMPTON Superior Court.

The allegations of the complaint are in substance as follows: In February, 1875, E. J. Drewitt died intestate in the county of Northampton, and on the 3d day of that month, W. T. Stephenson, now deceased, was appointed and duly qualified as his administrator. The said W. T. Stephenson died early in the year 1876, leaving a last will and testament, which was immediately thereafter duly proved, and the defendant, W. H. Hughes, the executor therein named, duly qualified as such. The said Stephenson having died before fully administering upon the estate of the said Drewitt, the plaintiff was duly appointed and qualified as administrator *de bonis non* upon the estate of the said Drewitt, about the 1st of February, 1877. On the 14th of November, 1877, the plaintiff had a settlement with the defendant, Hughes, of the dealings of said Stephenson with the estate of said Drewitt, a large amount having come into the hands of said Stephenson, and upon such settlement there was found to be due the estate of said Drewitt from the estate of the said Stephenson, the sum of $119.23, which was paid to the plaintiff by the defendant. Among other amounts allowed the estate of the defendant's testator in said settlement, were two amounts, as of May 1st, 1875, of $257.50,

and $150.44, and interest $62.07, making the aggregate sum of $470.01, which purported to have been paid by said Stephenson on two bonds executed by said Drewitt to one Jos. Long. The said Stephenson did not in fact pay the above sum, but instead, paid the sum of $225 on the 23d of March, 1875, and no more, and his estate was entitled only to credit for that sum and interest, and the plaintiff was entitled to receive $328.58, instead of $119.23. He was also entitled to $10.96, excess of commissions allowed in said settlement. That these facts constituted a fraud upon the estate of Drewitt, and the plaintiff did not know of them until a considerable time after the 14th of November, 1877.

For a second cause of action it is alleged: That having previously filed a petition in the Probate Court of Northampton county to sell the real estate of said E. J. Drewitt, the said Stephenson, by virtue of his office as administrator, and the decree of said Court for sale, did, on the 3d day of July, 1875, proceed to offer for sale the real estate of said Drewitt, when and where one R. T. Stephenson became the purchaser, he being the last and highest bidder, in the sum of $500, who immediately transferred his bid to one James D. Vinson, who was an attorney at law, and who was attorney for said W. T. Stephenson in the settlement of said Drewitt's estate, and drew up the petition and other papers in the proceeding for the sale of said land for assets. That said land sold for a grossly inadequate price, and said W. T. Stephenson recommended a confirmation of the sale, and reported that the same sold for a fair price. That on the 20th day of August, 1875, said W. T. Stephenson made a conveyance of said land to his said attorney Vinson, who on the same day re-conveyed the land to said W. T. Stephenson, professedly for the sum of six hundred dollars, but plaintiff is informed and believes and so alleges, that no money passed between said Stephenson and Vinson.

That on said 20th day of August, 1875, said Stephenson sold and conveyed the same piece of land to one Lawrence Lassiter, for the sum of one thousand dollars, on a credit of one, two, three, four and five years, ($200 being payable annually,) with interest from day of sale at 8 per cent. per annum. That by reason of the facts set forth above, said W. T. Stephenson realized the sum $500 which was not charged against his estate in said settlement on said 14th day of November, 1877, and that said sum should bear interest from the 3d day of July, 1875. That said W. T. Stephenson did not during his life-time, nor has his said executor since his death, ever accounted to the estate of said Drewitt for the sum aforesaid ($500) illegally gotten by him by his unlawful and wrongful dealings with the estate of his said intestate, said E. J. Drewitt.

That before the commencement of this action, demand was made upon said defendant by plaintiff for the payment of the amounts herein claimed, by letter addressed by plaintiff to defendant and placed in the postoffice at Jackson, in said county, for delivery to defendant, which said postoffice is the postoffice of the said defendant, and that defendant has failed to pay said sums or any part thereof. That the wrongful and illegal acts herein before complained of as having been committed by said W. T. Stephenson, were a fraud upon said Drewitt's estate, and were so intended by him at the time they were committed.

Wherefore plaintiff demands judgment:

1. For the sum of $220.31, with interest thereon from the 14th day of November, 1877, till paid.

2. For the sum of five hundred dollars, with interest thereon from 3d day of July, 1875, till paid.

The defendant, in answer to the first cause of action, admits the death of E. J. Drewitt and the qualification of Wm. Stephenson as his administrator; the subsequent death of Stephenson and the qualification of Hughes as his executor;

the appointment of Wright as administrator *de bonis non*, &c , and the payment of $119.23 on the 14th of November, 1877; but says that it was "in full of all that was due to the estate of the plaintiff's intestate from the estate of defendant's testator, and the plaintiff accepted the same in full payment and satisfaction thereof, and executed and delivered his receipt to the defendant accordingly." He denies knowledge or information, &c., as to the other allegations in the first cause of action, and requires proof.

To the plaintiff's complaint for his second cause of action, the defendant answers:

1st. That his testator sold the land mentioned in the complaint, pursuant to an order of the Superior Court of Northampton county, to constitute assets with which to pay so much of the debts of the said E. J. Drewitt as his personal estate was insufficient to discharge, and credited the estate of the said Drewitt with the whole of the proceeds thereof. He believes the sale was fair in all respects, and that his testator did not in any respect therein cheat or defraud the estate of the said Drewitt. J. D. Vinson, as assignee of R. T. Stephenson, became the purchaser at said sale, in good faith, as this defendant believes. The said W. T. Stephenson, after the sale was confirmed and the title passed to the said Vinson, purchased said land of said Vinson, and the defendant does not know, and has no reason to believe, that the consideration from the said W. T. Stephenson to the said J. D. Vinson, is or was other than that expressed in the deed from the said Vinson to the said W. T. Stephenson, to-wit, $600.00. The said W. T. Stephenson afterwards contracted to sell the same land to one Lawrence Lassiter, a colored man, without means or property, for one thousand dollars, on a long credit, and the said Lassiter has not yet been able to pay the purchase money ; and at the commencement of this action has paid less than two hundred dollars of the principal of the purchase money.

2d. That he has no knowledge or information whether any of the other allegations of that part of the complaint constituting the second cause of action are true, and he demands strict proof thereof.

At Spring Term, 1884, Samuel J. Wright, former administrator *de bonis non* of E. J. Drewitt, having been removed by an order in the cause, and the present plaintiff, James W. Grant, appointed in his stead, the complaint was amended by adding thereto the statement : " that the facts alleged and set out in said complaint as constituting a second cause of action, were unknown to Samuel J. Wright, former adm'r, &c., at the time he had the settlement, referred to in the complaint, with defendant." By an order made in the cause at Fall Term, 1884, it was referred to B. S. Gay, Esq., " to pass upon all the questions and issues of fact and law raised by the pleadings, and determine what sum, if any, is due by the defendant to plaintiff, and report to the next term of this Court. This reference is without prejudice to either party."

The referee filed his report, finding, in addition to the facts alleged and admitted, the following :

When Hughes paid the $119.23 mentioned in the complaint and answer, he took the following receipt :

"Received of W. H. Hughes, executor of W. T. Stephenson, one hundred and nineteen dollars and twenty-three cents, in full of the balance due by said Stephenson's estate, who was administrator of E. J. Drewitt, as will be seen by reference to the foregoing statement of settlement and account.                                          SAMUEL J. WRIGHT,
Adm'r *de bonis non* of E. J. DREWITT.
Nov. 14th, 1877."

This receipt was written at the foot of a statement of an account of the dealings of Stephenson with the estate of Drewitt, which account gives the items of the receipts and

expenditures of Stephenson in the administration of said estate, and the same, together with the above mentioned receipt attached, was filed with and recorded by the clerk of the Superior Court and Probate Judge of Northampton county, on November 14th, 1877, and all the vouchers for the items of said account were also filed by the defendant at the same time with said clerk, &c., who at the same time audited said account.

That on March 23d, 1875, the estate of E. J. Drewitt was indebted to one J. J. Long by two bonds, which the said E. J. Drewitt had executed to said Long several years previously, and that said two bonds, including interest, then amounted to four hundred and seven dollars; that on said day the defendant's testator, the said W. T. Stephenson, while he was administrator of said Drewitt, bought in said bonds from said Long for two hundred and twenty-five dollars, and had them assigned to J. D. Vinson, who was his attorney and agent, for himself, (Stephenson); that in said account and settlement the plaintiff's intestate is charged with four hundred and seven dollars and ninety-four cents as principal money, and sixty-two dollars and thirteen cents as interest thereon, and the defendant's testator, Stephenson, is credited with said amount as having been paid by him in payment of said bonds; but in truth and fact Stephenson had compromised said bonds for two hundred and twenty-five dollars, and had only paid that amount therefor, and at that time was only entitled to be credited with two hundred and twenty-five dollars as principal money, and thirty-four dollars and thirty cents as interest.

That at the time of this settlement between said Wright as administrator, &c., and Hughes as executor, neither Wright nor Hughes knew that Stephenson had purchased said bonds for a less price than he had charged the estate of his intestate; and that the said Wright only discovered this fact in July or August, 1879.

That on March 15th, 1875, said Stephenson, as administrator of E. J. Drewitt, filed a petition for the sale of the land described in the complaint, in the Superior Court, making the heirs at law of said Drewitt defendants, for the purpose of making assets; and said land was duly sold by order of said Court by said W. T. Stephenson, under these proceedings, on July 3d, 1875, at Jackson, when one R. T. Stephenson became the last and highest bidder, in the sum of five hundred dollars, and immediately assigned his bid to one J. D. Vinson, who was declared the purchaser.

That said R. T. Stephenson bid for said land at the request and direction, and for the benefit of said W. T. Stephenson; and afterwards assigned his bid to said Vinson, at the direction of said Stephenson.

That on August 20th, 1875, said W. T. Stephenson, as administrator and commissioner, conveyed said land to J. D. Vinson, in pursuance of said sale, for the expressed consideration of five hundred dollars, and that Vinson immediately on the same day conveyed the same to said W. T. Stephenson for the expressed consideration of six hundred dollars; but that in truth and fact, no money passed either from Vinson to Stephenson or from Stephenson to Vinson therefor, or was intended to be passed, but that Vinson was acting throughout at the direction and for the benefit and as the agent of said W. T. Stephenson.

That on the same day, (August 20th, 1875,) said W. T. Stephenson conveyed said land in fee simple to one Lawrence Lassiter, for the sum of one thousand dollars, payable in five equal annual installments of two hundred dollars each, bearing eight *per cent.* interest from August 20th, 1875, the said Stephenson retaining title therein until all the purchase money should be paid, with the power reserved to sell the land in case of default in payment

That only three of said notes for the purchase money have been paid by said Lassiter to said Stephenson or his execu-

tor, including interest, except about thirty dollars, but that no part of two of the said notes has been paid, and there still remains due of said purchase money the sum of about seven hundred and fifty dollars.

That said land at the time of the sale in July, 1875, was worth six hundred and fifty dollars, and that it is now worth seven hundred and fifty dollars, and is adequate security for the balance of said purchase money.

That at the time of the settlement between said Wright and Hughes, said Wright did not know that R. T. Stephenson had bid off the land described in the complaint at the request and direction of W. T. Stephenson, nor that R. T. Stephenson had transferred his bid to J. D. Vinson at the direction of W. T. Stephenson, nor that Vinson was acting as the agent of W. T. Stephenson, and purchased said land at his request and direction, and for his benefit, and conveyed the same to him without any consideration.

That at the time of the before mentioned settlement between Wright as administrator and Hughes as executor, the said Wright did not know that Stephenson had procured J. D. Vinson to purchase said land for himself, and that it was not a *bona fide* sale.

That in said settlement between said Wright as administrator and Hughes as executor, the said Hughes only accounted for five hundred dollars as having been received by his testator, W. T. Stephenson, from the sale of said land.

As conclusions of law the referee found:

I. That the estate of W. T. Stephenson was only entitled to credit for two hundred and twenty-five dollars, the amount actually paid by him in settlement of the two bonds due by E. J. Drewitt, his intestate, in the settlement between S. J. Wright, as administrator *de bonis non* of said Drewitt, and W. H. Hughes, as executor of W. T. Stephenson, in November, 1877, with interest on $225 from March 23d, 1875, ($225+$35.66=$260.66;) and the credits to said Stephenson's

estate, and charged against said Drewitt's estate in said set-settlement of $257.50, $150.44 and $62.07, amounting to $470.01, was erroneous and a fraud upon the estate of Stephenson's intestate, Drewitt, and was illegal, and that Stephenson's estate, instead of being credited with or allowed five per cent. commissions on $470.01, was only entitled to five per cent. commissions on $260.66, and that the amount of commissions allowed said Hughes as executor, &c., was $10.40 more than should have been allowed in said settlement.

II. That the purchase of the land described in the pleadings by said Stephenson, through J. D. Vinson, was a fraud upon the estate of his intestate, the said Drewitt, and that the defendant, as executor of the said Stephenson, instead of being charged with $500 and interest from July 3, 1875, in the said settlement, as the proceeds of sale of said land, should have been charged with one thousand dollars, the amount of its sale to Lawrence Lassiter, with eight per cent. interest thereon from August 20, 1875, or, in other words, the estate of E. J. Drewitt ought to have been credited with four hundred and ninety-four dollars and eighty cents more than was given credit in said settlement, on account of said fraudulent sale of said land, with eight per cent. interest thereon, from August 20, 1875, equal to five hundred and eighty-three dollars and nineteen cents, but this amount should be diminished by five per cent. thereof for commissions, $29.15, which would leave the additional amount to which Drewitt's estate was entitled to be five hundred and fifty-four dollars and four cents.

III. That at the time of said settlement, said Drewitt's estate, instead of being entitled to one hundred and nineteen dollars and twenty-three cents, was really entitled to seven hundred and eighty-four dollars and thirty-three cents in addition thereto.

The referee therefore decided that the plaintiff was entitled to judgment against the defendant, as executor of W. T. Ste-

phenson, in the sum of seven hundred and eighty-four dollars and thirty-three cents, with interest thereon at the rate of six per cent. per annum from November 14, 1877, till paid."

The defendant filed numerous exceptions to the report of the referee, which were overruled by the Court, and judgment was rendered in accordance with the findings of fact and conclusion of law therein for the plaintiff.

From this judgment the defendant appealed, and assigned for error the following:

1st. Because the Court overruled the defendant's exceptions.

2d. Because the plaintiff was estopped and barred of recovery by the settlement made on the 14th of November, 1887, between Wright, adm'r, &c., of Drewitt, and Hughes, ext'r of Stephenson.

3d. Because the Court, of its own motion, at Fall Term, 1884, ordered the reference before the defendant's plea in bar had been passed upon by the jury.

4th. Because the judgment is contrary to the law and the evidence of the case.

5th. Because of any and all other errors appearing upon the face of the record.

*Messrs. R. O. Burton* and *W. C. Bowen*, for the plaintiff.

*Mr. T. N. Hill*, (*Mr. R. B. Peebles* also filed a brief), for the defendant.

DAVIS, J., (after stating the case). The first exception to the ruling of the referee was the overruling defendant's objections to questions one and five asked witness R. B. Peebles by plaintiff, and admitting his answers, relating to the collection of the notes executed by Drewitt to Long. This objection was based upon the ground, that the witness was incompetent to testify to anything connected with the notes, they having been executed prior to August, 1868, and the

witness having had an interest in them, or in the collection of them.

This objection cannot be sustained. The compensation to which the witness was entitled for his services as counsel, gave him no such interest in the notes as would disqualify him. *Slocum* v. *Newby,* 1 Murphy, 423; *Molyneux* v. *Huey,* 81 N. C., 106; *Syme* v. *Broughton,* 85 N. C., 367; *Borden* v. *Gully,* 92 N. C., 127; and *White, Adm'r,* v. *Beaman, Ext'r,* decided at this Term.

The second objection was to the admission of the deed from J. D. Vinson to W. T. Stephenson, and the deed from the said Stephenson to Lawrence Lassiter.

It is admitted that the deed from Vinson to Stephenson (dated August 20th, 1875, for $600,) is for the same land as that conveyed by W. T. Stephenson, as administrator of Drewitt, to J. D. Vinson, and it was clearly relevant as tending to show the true character of the transaction.

The third objection was to the question asked R. T. Stephenson in regard to the transfer of his bid, and to the answer that it was assigned to J. D. Vinson at the request of W. T. Stephenson.

This, like the last, was admissible as tending to show the true character of the transaction.

The same witness was asked if he had not been in the habit of attending sales of land conducted by executors, administrators guardians, &c., and if he did not know that it was customary with them to get some friend to run up property, so as to prevent it from being sacrificed by an inadequate price, and if he did not know from his own experience and observation, that this has been often done by conscientious and honest men conducting such sales.

These questions were excluded as irrelevant and immaterial, and this is also assigned as error by the defendant. We suppose it was the purpose of the defendant, to show the

good faith of his testator, by showing that other fiduciaries had, under similar circumstances, acted as he had. In no view of this case can we conceive such evidence as relevant or competent, and there was no error in overruling the objection.

There were numerous other exceptions to the ruling of the referee upon questions asked by the defendant and objected to by the plaintiff, and to questions asked by the plaintiff and objected to by the defendant, which were immaterial and irrelevant, and which we deem it unnecessary to pass upon more particularly.

After a careful examination, we find no error in the judgment of the Court below in sustaining the ruling of the referee upon points of evidence and his findings of facts. But exception is taken "to all of the referee's conclusions of law, and to all he decides."

"For that the plea in bar set up by the defendant should first have been decided by a jury before reference was ordered, and he demands that his said plea in bar shall be tried by a jury. He should have found that the plaintiff was barred of recovery by Wright's settlement with Hughes."

This was the point chiefly relied upon by the defendant in this Court.

First, as to the demand that the defendant's plea in bar shall be tried by a jury. Undoubtedly the defendant had a right to have his plea in bar, or any other issue of fact, passed upon by a jury, but this right may be waived, as authorized by Art. iv., §13 of the Constitution. Was it waived?

The order of reference was made at Fall Term, 1884, without objection, but the defendant says, "before his plea in bar was passed upon by the jury." If he wished to have it passed upon by a jury, he should have claimed the right before the reference was ordered, for when matter in bar is relied on, it ought to be determined before the reference is had. It puts in issue the very cause of action, and

the defendant has a right to have it first passed upon, be-cause, if decided in his favor, the delay and expense of a reference may be avoided. *Clements* v. *Rogers,* 95 N. C., 248; *Neal* v. *Becknell,* 85 N. C., 299; *Commissioners of Wake* v. *City of Raleigh,* 88 N. C., 126.

While the record does not show that the reference was by consent, the order was made by the Court, without objection or opposition, and this was equivalent to assent and a waiver. *Atkinson* v. *Whitehead,* 77 N. C., 418.

If, at the time the order of reference was made, the defend-ant reserved the right, as was done in the case of *McPeters* v. *Ray,* 85 N. C., 462, to have the issue passed upon by the jury, it would have availed him; but this was not done, and if the suggestions had been made, it would have been at once apparent in this case, that the issue should, if insisted upon, be determined by a jury before the reference, and if refused, an appeal would lie.

It was earnestly insisted that the receipt given by Wright, administrator, &c., to Hughes, executor, &c., was conclusive, if not as a receipt, then as an accord and satis-faction, and we were referred to numerous authorities to sustain this view. We regard it as well settled, that parol evidence is inadmissible to vary or contradict a written agreement or contract, and we regard it as equally well settled, that if a debtor or obligor pay a less sum than is due, either before the day it is due, or, for the convenience of the payee or obligee, at a place other than that named, or upon any consideration advantageous to the payee or obligee, or as a compromise upon an honest difference as to the amount due, it is good as an accord and satisfaction, and binding; and we think the authorities relied on by the defendant do not go beyond this.

In *Smith* v. *Brown,* 3 Hawks, 580; relied on by the defend-ant, the written paper contained something more than a mere receipt for money. TAYLOR, C. J., said: "It is true, that by

a variety of decisions, receipts do not appear to be subject to the operation of the rule, (the rule excluding parol evidence), because they do not contain evidence of a contract, but when, in addition to the receipts for money, a condition is added upon which alone a party shall become liable to a further payment, it assumes the nature of a contract, and must be governed by the same rule of evidence." So in *McCullen* v. *Hood*, 3 Dev. 219 ; it was held that a receipt for a specific sum was not even *prima facie* evidence of accord and satisfaction. If the receipt had expressed that it was in full, " an inference," says HENDERSON, C. J., " might be drawn that it was in full satisfaction." It would have been evidence of satisfaction, but not conclusive. It was held not to be even evidence of a final settlement in the case of *At., Tenn. & Ohio R. R.* v. *Morrison*, 82 N. C., 141 ; and when fraud or mistake is alleged, it is never conclusive. *Costin* v. *Baxter*, 6 Ire. Eq., 197 ; *James* v. *Mathews*, 5 Jones Eq., 28 ; *Compton* v. *Culberson*, 2 Dev. Eq., 93.

The objection, " that the Court, of its own motion, at Fall Term, 1884, ordered the reference before the defendant's plea in bar had been passed upon by a jury," cannot be sustained, for causes already stated. The defendant had a right to object to the reference for the cause stated, at the time it was made, and it would have been valid; and if denied, it would have been the subject of appeal, but this was not done, and the result of the reference cannot be annulled by giving heed to the objection after the referee had made his report.

IV and V. " Because the judgment is contrary to the law and evidence of the case," and " for any and all other errors appearing from the record."

We think the finding of fact by the referee and his report in relation thereto, was properly confirmed by the Court below, and must be affirmed by this Court.

Was there error in the judgment upon the facts found? The estate of the defendant's testator is charged with the

sum of $1,000, for which he had sold the land to Lassiter. This sale was made payable in five annual installments, and the report shows that about $750 of the purchase money is still unpaid, and, it may be, cannot be collected. The evidence shows that it was more than the land was fairly worth, and as the money has not all been collected, we think the better and more equitable rule would be to charge the estate of the defendant's testator with the value of the land, which the referee finds to be $750. Thus modified, the defendant executor would be charged $750, as the proceeds of the sale of land, instead of $500, as in the account, or $1,000, as in the judgment, and crediting the account with $225, the amount actually paid for the Long notes, and $35.66 interest thereon, instead of $470.01, as wrongfully credited in the account, the whole amount charged against the defendant executor would be $1,056.41, instead of $806.41, as in the account filed with the report of the referee, and the amount of his credit would be $597.06 instead of $806.41, as appears in said account. This would leave a balance of $459.35 due to the plaintiff administrator from the defendant executor, with interest from the 14th day of November, 1877, (the date to which the account was stated,) till paid, and the plaintiff has a right to have the same secured by a lien upon the land in question.

The judgment of the Superior Court thus modified, is affirmed. It is ordered that the costs of this appeal be paid by the defendant executor. Let this be certified.

Modified.                                Affirmed.

NOTE.—The plaintiff's appeal in this case was dismissed, on the ground that the entire controversy was settled by the opinion in the defendant's appeal.