WALLACE BROS. v. R. M. DOUGLAS.

*Premature Appeal.*

An appeal from an order sustaining an exception to a referee's report and recommitting the case to the referee to take further evidence is premature, and will be dismissed.

This was a CIVIL ACTION, heard before *Connor, J.*, at November Term, 1889, IREDELL Superior Court, on exceptions to referee's report.

The defendant, among other exceptions, excepted to certain evidence admitted by the referee. The Court sustained the exception.

The case on appeal then states: "This testimony being excluded for the foregoing reasons, the plaintiffs insisting that there is other testimony tending to sustain the findings of the referee, it is considered that the said report be recommitted to said referee to the end that he may pass upon said testimony, and if, in his discretion, he deems it in furtherance of justice, permit the plaintiffs to introduce other competent testimony."

From this judgment the plaintiffs appealed.

*Mr. C. H. Armfield*, for the plaintiff.
*Mr. W. M. Robbins*, for the defendant.

CLARK, J.—after stating the case: The appeal was premature and improvidently taken, and must be dismissed. The plaintiffs should have had their exception noted in the record, and if, on the coming in of the amended report and a final judgment thereon, they find it necessary to appeal, the exception will then be reviewed. It may be that, as they themselves suggest, other evidence may be found to supply the place of that excluded, or when the final judgment is rendered they may not desire to appeal. The Court will not take "two bites at a cherry." The rule of practice is settled by so many decisions that we only refer to *Jones* v. *Call*, 89 N. C., 188; *Torrence* v. *Davidson*, 90 N. C., 2; *Lutz* v. *Cline*, 89 N. C., 186; *Grant* v. *Reese*, 90 N. C., 3; *Leak* v. *Covington*, 95 N. C., 193. In *Grant* v. *Reese*, the Court say: "Slight attention to the decisions of the Court would prevent miscarriages like the present, and facilitate the administration of justice."

Appeal dismissed.