JOHN D. KERR and wife v. R. W. HICKS.

(Decided March 22, 1898.)

*Premature Appeal—Practice.*

Where, after the trial of issues submitted upon exceptions to the report of a referee, the cause was recommitted to have the report conformed to the verdict, an appeal from such order was premature. An exception should have been noted which on appeal from the final judgment could have been considered.

CIVIL ACTION tried before *Allen, J.,* and a jury at Fall Term, 1897, of SAMPSON Superior Court. A jury trial was had upon certain exceptions to a referee's report, and, after a verdict on the issues, the cause was recommitted to the referee to have the report conformed to the verdict. From the order re-referring the case the defendant appealed.

*Mr. J. L. Stewart* for plaintiff.

*Messrs. Henry E. Faison* and *Stevens & Beasley* for defendant (appellant).

*Per Curiam:* This case was referred, and on coming in of the report certain issues were eliminated and submitted to the jury. After the verdict thereon the cause was recommitted to the referee with instructions to revise and conform his report in accordance with the verdict, and also to correct his calculations of interest to the basis of 6 per cent. The defendant appealed. The appeal is premature. The defendant should have caused his exception to be entered, and can appeal from the final judgment. *Wallace* v. *Douglas,* 105 N. C., 42, in which it is said, quoting *Grant* v. *Reese,* 90 N. C., 3, "Slight attention to the decisions of the Court would prevent miscarriages like the present and facilitate the administration of justice."

Appeal dismissed.