## KERR v. HICKS.

### (Filed October 22, 1901.)

1. REFERENCES—*Orders—Amendments.*

   Where the court corrects the record so as to show that an order of reference was a compulsory reference, the reference will be treated as having been compulsory when made, and not as a new order nor as an amended order.

2. REFERENCES—*Consent Orders—Compulsory Orders.*

   A consent order of reference can be changed to a compulsory order only by consent of both parties.

3. REFERENCES—*Compulsory Reference—Plea in Bar.*

   The court can not make a compulsory order of reference when there is a plea in bar.

4. REFERENCES—*Compulsory Order—Appeal.*

   Where the court makes a compulsory reference when there is a plea in bar, the parties are entitled to appeal from said order.

5. REFERENCES—*Compulsory References—Appeal—Waiver—Plei in Bar.*

   Where there is a plea in bar, a defendant, by not appealing from a compulsory reference, will be deemed to have waived his right to have his plea in bar passed on by a jury, and the reference will be treated as a consent reference.

KERR *v.* HICKS.

ACTION by John D. Kerr and wife S. H. Kerr against R. W. Hicks, heard by Judge *W. A. Hoke,* at February Term, 1901, of the Superior Court of SAMPSON County. From a judgment for the plaintiffs, the defendant appealed.

*J. L. Stewart,* and *F. R. Cooper,* for the plaintiffs.
*Stevens, Beasley & Weeks, E. K. Bryan,* and *Frank Mc-Neill,* for the defendant.

FURCHES, C. J.   This action was brought by the plaintiff for an account and settlement with the defendant of transactions between them continuing through a number of years, and for judgment.   Owing to the blanks in the pleadings, we are not able to tell just when these transactions commenced or ended.   But from the statement in the record, they must have commenced as early as 1881 or 1882, and continued until 1888.

The action was commenced in October, 1891, and at December Term, 1891, there was a reference to W. R. Allen to take and state an account.   This order was apparently a consent order.   The plaintiff had asked for an order of reference in his complaint, and it seems at the same term when the order was made the defendant asked for it, and his counsel drew the order of reference.   At this time there has been neither complaint nor answer filed, and leave was granted to the plaintiff to file his complaint and to the defendant to file his answer.   The plaintiff afterwards filed his complaint and the defendant filed his answer, and the referee proceeded to take and state the account.   The referee's account does not seem to be dated, as of any term of Court, or otherwise. But we suppose it was made to October Term, 1893, as we see that an allowance was made to him at that term for taking the account; and sixty days were allowed each party to file exceptions thereto.   Both parties filed exceptions, the

plaintiff's dated as of October Term, 1893, amended at October Term, 1900. The defendant's exceptions do not show when they were filed, as they should do. And the Clerk should note on every paper filed in his office the date when it was filed. This would save much trouble and many disputes between parties and attorneys.

At February Term, 1894, upon notice of plaintiff, Brown, Judge, upon affidavits of the plaintiffs and others, including that of defendant's attorney, found that the order of reference to Allen, under which the account had been taken, was not a consent order, but was compulsory; and that the plaintiff had the right to have his exceptions tried by a jury, "and ordered that the plaintiff and defendant file with the Clerk of the Court, on or before the next term of the Court, such issues of fact as it is claimed by each party as arise upon said exceptions filed by plaintiff to the report of the referee." To this order the defendant excepted.

Under this order both parties filed issues, and the Court submitted to the jury a part of those filed by the plaintiff, and rejected those filed by the defendant.

In the defendant's answer, he pleaded an account stated; that he had furnished plaintiff with a monthly statement of their dealings, showing every item of debit and credit, and, in addition to that, had furnished the plaintiff with a full itemized account of their entire transactions; and the plaintiff had never objected to any one of them, but, after examining them, had assented to their correctness and had made him a payment of $75.00 thereon; that this account as thus stated showed the plaintiff was indebted to defendant more than $800.00. And the defendant contends that this was a plea in bar, and should have been disposed of before there could be a reference.

There being a verdict and judgment for the plaintiff, the defendant appealed.

The case, in some respects, is remarkable. The plaintiff brought an action against the defendant, in which he sets out the transactions of several years dealing with the defendant, amounting in all to seventy or seventy-five thousand dollars, claiming that the defendant is largely indebted to him, and *asks for a reference.* The reference is made and the account taken, which shows a balance against him. The report was made to October Term, 1893, and at February Term, 1894, *upon the motion of plaintiff,* it is found that the order of reference was not a consent order, but compulsory, and made against the consent of the plaintiff; and, in the order finding that it was a compulsory order, the Court declares that the plaintiff is entitled to a jury trial. The defendant excepts to this order, and says that the Court had no right to change the order from a consent order to a compulsory order; and if it had the right to do this, it had no right to declare that the plaintiff was entitled to a jury trial on his exceptions to the referee's report. We will not say that the Court did not have the *right* to find that the order of reference was not a consent order, but was a compulsory one, and to correct the records of the Court, so as to make them so speak. But this correction of the record made the order compulsory at the time it was first made. It was not a *new order, not an amended order.* For if the order was a consent order when made, it could not be changed to a compulsory order except by consent of both parties. *McDaniel v. Scurlock,* 115 N. C., 295; *Driller Co. v. Worth,* 117 N. C., 518; *Smith v. Hicks,* 108 N. C., 251; *Perry v. Tupper,* 77 N. C., 413. And if it was a *compulsory* order, the Court had no *right* to make it, there being a plea in bar. *Bank v. Fidelity Co.* 126 N. C., 320; *Smith v. Goldsboro,* 121 N. C., 350; *Royster v. Wright,* 118 N. C., 152; *Collins v. Young, Ibid,* 265; *Austin v. Stewart,* 126 N. C., 527. If it is said that the Court would not have made the order if the answer had been filed setting up

a plea in bar, before the order was made, this would not relieve the situation. For, if we take that view of the matter, it would have been the duty of the referee to have declined to take the account and refer the matter back to the Court. *Jones v. Beaman,* 117 N. C., 259. Since the correction the order of reference must be treated as a compulsory reference when made in 1891. The plaintiff says he so understood it to be a compulsory reference. And it being a compulsory reference, the Court had no right to make it when there was a plea in bar, and the parties had the right to appeal from said order. *Bank v. Fidelity Co.,* 126 N. C., 320. And as they did not appeal, did they not lose any right they might have had by objecting to the order? Was it not presumed that they had waived their right by not appealing, and proceeding with the account? And was not the referee justified in so considering the matter and proceeding with the account? This seems to us to be so. *Grant v. Hughes,* 96 N. C., 191; *Wilson v. Pearson,* 102 N. C., 290. If the plaintiff lost his right by not appealing, and by proceeding with the account, that is, if he waived his objection by not appealing, and it seems he did, the order will be treated as if made by consent of the parties—we say the plaintiff, because the defendant still treats it as a consent order. And if made by consent of the parties, or if the objecting party waived his objection by not appealing from the order, he lost his right to have a jury to pass upon his exceptions. *Driller Co. v. Worth* and *Grant v. Hughes, supra.* This, it would seem, disposes of the appeal.

The defendant also contends that the plaintiff has lost his right to a jury trial for the reason that he has not complied with the rule in *Driller Co. v. Worth,* 117 N.C., 515, and same case, 118 N. C., 746. This would be so if the defendant had assigned this as one of his grounds of error, which he does not seem to have done.

10——129

There are other exceptions as to the competency of evidence and as to the account, but as they are not necessary to the determination of the appeal, we do not enter upon a discussion of them.

There is error in the record below, as pointed out in this opinion.

Error.