KERR v. HICKS.

(Filed September 30, 1902.)

1. AMENDMENTS—*Nunc pro tunc*—*Record.*

An amendment by the court of the record *nunc pro tunc*, to speak the truth, there being conflicting evidence, is conclusive.

2. REFERENCES—*Pleadings.*

Where a party excepts to an order of reference made before the filing of pleadings, he is entitled to a jury trial.

3. REFERENCES—*Pleadings.*

An order of reference can not be made until pleadings are filed.

4. REFERENCES—*Exception and Objections.*

The trial judge may permit exceptions to report of referee at any time before judgment.

5. REFERENCES—*Jury*—*Evidence*—*Trial.*

Where there is a reference of a case, evidence before the jury is not restricted to the evidence heard by the referee.

6. DEPOSITIONS—*References.*

An objection that commissioner to take depositions was related to one of the parties, must be taken at time of opening such depositions before the clerk.

FURCHES, C. J., dissenting.

PETITION to rehear this case as reported in 129 N. C., 141, is allowed.

*Shepherd & Shepherd,* and *J. C. Stewart,* for the petitioner.

*Stevens, Beasly & Weeks,* in opposition.

CLARK, J.   This was an action begun in 1891 by husband and wife, mortgagors, against the mortgagee, alleging overcharges, usury and overpayment, asking for a statement of the account, judgment for balance due plaintiffs, and a cancellation of the mortgage, and for a restraining order against

the sale of the mortgaged property, pending the action. The defendant averred in his answer, among other things, that the plaintiffs 'were estopped by accounts rendered, which they had accepted without objection. At the return term, time was given to file complaint and answer, and at the same term a reference was ordered, no pleadings having been filed. At February Term, 1894, the plaintiffs having demanded a trial by jury of the issues of fact raised by the pleadings on the ground that the reference had been compulsory, Judge Brown, after hearing affidavits on both sides, found as a fact that the reference was compulsory and not by consent, and that "the *plaintiffs excepted to* any order purporting to be a consent reference," and directed that the record and order of reference be amended *nunc pro tunc* to show these facts, and the parties were ordered to prepare such issues of fact as each claimed arose from the pleadings, before next term of the Court. The defendant excepted to this order, but the authority and duty of the Court to amend the record to speak the truth are beyond question, and, there being conflicting evidence, his finding of fact is conclusive. See cases cited in Clark's Code (3d Ed.), pages 305, 306.

At October Term, 1897, the issues were submitted to the jury and found in favor of the plaintiffs, and thereupon the cause was recommitted to the referee with directions to reform and revise his account to conform to the verdict of the jury. An appeal was taken by the defendant from the order recommitting the report, but the appeal was dismissed because premature. *Kerr v. Hicks,* 122 N. C., 409.

At February Term, 1901, upon exceptions filed to the amended report, Judge Hoke rendered the judgment set out in the record. The defendant filed 14 exceptions thereto, which repeated and included all the exceptions taken by him during the progress of the cause, including, of course, those set out in the appeal which was dismissed as premature.

KERR *v*. HICKS.

When this last appeal was heard at August Term, 1901 (*Kerr v. Hicks,* 129 N. C., 141), the Court held that the reference in 1891 having been compulsory, the plaintiffs were entitled to appeal, because there was a plea in bar, and, not having appealed, they had no right thereafter to insist on their right to a jury trial. We are now called on by this rehearing to reconsider that ruling. This point was raised by the Court *ex mero motu* upon examination of the record, and we did not have the benefit of argument by counsel. Indeed, one of the defendant's exceptions (2) on appeal is that this order of reference was invalid because made before any pleadings were in. We were inadvertent to this fact that when the reference was ordered and exception noted (as the Judge finds was done), there were no pleadings, and consequently no plea in bar. The order of reference, on its face, recites that the plaintiffs should have fifteen days after adjournment of the Court to file complaint, and the defendant fifteen days thereafter to file answer. The exception, therefore, to the order of reference then entered was all that was required, and an appeal, if prosecuted, would have been dismissed as premature. The plea of an estoppel *in pais* is rather a defence than a plea in bar, which must be disposed of before a trial on the issue. But if it were a plea in bar, it was not on file when the order of reference was made, and the plaintiffs could not appeal for failure to dispose of it. An appeal from an interlocutory order is usually ground for an exception, and not an appeal. When an appeal is permissible from such order, it is never compulsory, and the party entitled thereto can, if he prefers, note his exception, and have the point reviewed on appeal from the final hearing, because (as in this case) he may be satisfied with the future action of the Court and not wish to appeal. Why should the plaintiffs have appealed here, when their exception to the reference was in and they knew this preserved their right to a jury

trial, and they would only wish to appeal when that was denied them. Besides, the alleged estoppel could not be a plea in bar in this action to surcharge an account for usury. If a plea in bar, the defendant waived it by not excepting to the order of reference. *Grant v. Hughes,* 96 N. C., 177; *Wilson v. Pearson,* 102 N. C., 290. The plaintiffs had nothing to object to, except that the reference was compulsory, and that was matter for exception and not for appeal.

When the report came in, the plaintiffs did insist that the reference, having been compulsory, and an exception duly noted, they were entitled to a trial by jury, and the Judge so held, and the defendant did not appeal. Had he done so, his appeal must have been dismissed as premature. On reconsideration, therefore, we think that there was inadvertence in our opinion at Fall Term, 1901, and we re-instate the case as it stood at that hearing.

This brings us to the 14 exceptions brought up by the defendant in that appeal, which are:

1. That Judge Brown erred in amending the record to show that the reference was compulsory, and that exception was taken thereto at the time. This point we have already passed on above.

2. That it was error in Judge Boykin, at December Term, 1891, to make the order of reference before any pleadings were filed that could raise issues. This is true (*Jones v. Beaman,* 117 N. C., 259), but as it was the plaintiffs who excepted (and defendant did not) at the time, and the plaintiffs afterwards secured a jury trial because of the invalidity of the reference, it can not be seen how the defendant can either present or be benefited by this exception. The plaintiffs had nothing to except to, except that the reference was compulsory and made before pleadings filed, and these were matters of exception and not of appeal.

3. That Judge Brown erred in permitting plaintiffs to file

exceptions to the referee's report at February Term, 1894. We presume that this is on the ground that the exceptions should have been filed at October Term, 1893, when the report was filed, but the Judge had the discretion to permit them to be filed at any time before judgment. See cases cited in Clark's Code (3d Ed.), page 569.

4. That Judge Allen erred at October Term, 1897, in refusing to submit the third and fourth issues tendered by the defendant. These matters could be and were presented to the jury upon the issues settled by the Court, and the refusal to submit the issues was not error. *Paper Co. v. Chronicle Co.,* 115 N. C., 147; *Allen v. Allen,* 114 N. C., 121.

5. That Judge Allen erred in overruling defendant's objections to the deposition of R. P. Paddison. These objections were (1) that the deposition was not before the referee, nor embraced in his report. But this was a trial before the jury, and evidence on the issues was not restricted to that heard by the referee. (2) That the Commissioner taking the deposition was father-in-law of John D. Kerr. This objection was not taken before the Clerk by whom the deposition had been regularly opened, examined and allowed as evidence to be read in this trial without objection, and besides, said Commissioner was father of John D. Kerr's first wife, and not of his present wife, who is plaintiff in this action.

6. That it was error to go to trial before the jury when there was an issue in bar (the estoppel by furnishing accounts stated), but the reference was invalid, according to the defendant's second exception, and the ground of the alleged plea in bar was one of the matters submitted to the jury, and was embraced in the issues passed on by them.

7. That for the above reason it was error to recommit the report to the referee to make it conform to the verdict. The defendant had not excepted to the reference, and had therefore waived any exception to it. Besides, the recommittal

was simply in effect a reference to state the account in accordance with the facts settled by the verdict.

8. That Judge Hoke, at February Term, 1901, overruled an exception to the same. purport as the second exception above stated—which we have also overruled *supra.*

9. That Judge Hoke erred in not allowing an exception to the manner of computing interest. The Judge finds that that method of computing the interest was tendered the referee by the defendant in a calculation of interest made by him, and was adopted at his suggestion by the referee, as fully appears by the referee's report, and besides, is a method which usually makes in favor of the debtor.

10. That Judge Hoke erred in overruling the defendant's exception that the referee failed to charge in his account certain items of leakage. His Honor finds that said items were fully considered and passed upon by the referee, and are embraced in his account.

11. That Judge Hoke erred in finding any facts regarding the order of reference. His Honor simply recited the matters of record, and as we have found them to be on inspection of the record.

12. That Judge Hoke erred in not striking out all previous proceedings and ordering a new trial upon the issues raised by the pleadings, and especially by the plea in bar. A trial upon those issues had been had before Judge Allen at October Term, 1897, and Judge Hoke had no power to set aside the action of his predecessor, which we have just reviewed above, and in which we find no error.

13. That Judge Hoke erred in not rendering judgment for plaintiffs upon the account filed by the referee, as reported by him. But the second re-reference was made at the instance of the defendant, who submitted his statement of the accounts, which was adopted by the referee. (See referee's report, October Term, 1900.)

14. That Judge Hoke erred in not rendering judgment for the defendant upon the first report filed. This has already been disposed of by what we have said.

We have carefully gone through the entire record, and each and every of above fourteen exceptions brought up by the appeal, and find no error. The petition is allowed, and the judgment below is affirmed.

Petition Allowed.

FURCHES, C. J., dissents, and refers to his opinion 129 N. C., 141.