KERR v. HICKS.

(Filed October 15, 1903.)

1. REHEARINGS—*Appeal—Supreme Court Rule 53.*

Upon a rehearing the supreme court will not consider any point not certified as erroneous by counsel making the certificate.

2. APPEAL—*Exceptions and Objections—References.*

Where the plaintiff excepts to a compulsory reference, an objection taken for the first time on appeal to the technical form of asking submission of issues arising "on the report" instead of "on the pleadings" will not be considered.

PETITION for rehearing of this case, reported in 131 N. C., 90.

*E. K. Bryan* and *Stevens, Beasley & Weeks,* for the petitioner.

*Shepherd & Shepherd, F. R. Cooper* and *J. L. Stewart,* in opposition.

CLARK, C. J. This is a petition to rehear this case, reported in 131 N. C., 90. The grounds assigned in the petition are:

"1. That the Court overlooked the fact that the order of reference was compulsory and that the defendant excepted to the order of reference." Neither ground is valid as a statements of fact. The opinion was largely based upon the fact that the order of reference was compulsory and the defendant, according to the record, did not except to such order. The defendant merely excepted to the order of *Judge Brown* at a subsequent term amending the record to show that the plaintiff had excepted to the reference at the time it was made.

"2. That the Court was in error in holding that the issues submitted covered the plea in bar." The defendant's fourth assignment of error was that *Allen, J.,* refused to submit the third and fourth issues tendered by defendant. On this, we are satisfied with what is said on that point in our former opinion. "These matters could be and were presented to the jury upon the issues settled by the Court, and the refusal to submit the issues was not error." *Cecil v. Henderson,* 121 N. C., 244; *Patterson v. Mills, Ibid.,* 258; *Kendricks v. Ins. Co.,* 124 N. C., 315; 70 Am. St. Rep., 592. Besides, the issues were settled by the Court without exception from the defendant. The truth of the third issue tendered by the defendant, that defendant had sent plaintiff the accounts, was admitted by plaintiff; the fourth issue tendered, that "plaintiff had acquiesced therein," was the alleged plea in bar, and that matter was presented to the jury upon the issues submitted and was passed upon by them.

This last was the only point endorsed by the two other

counsel, whose certificate of error is a prerequisite to the submission of a petition to rehear, and therefore we should stop here and dismiss the petition. The defendant, however, earnestly pressed the further exception, not certified as error by any counsel, that "the Court was inadvertent to the fact that the cause was tried by *Allen, J.,* upon issues arising upon exceptions to the referee's report." In fact the cause was tried upon issues arising on the pleadings and exceptions, but if this last ground were properly before us we could not sustain the point for other reasons. The plaintiff was by the Constitution entitled to a jury trial. When the cause was compulsorily referred he reserved his rights by excepting thereto, and at the close of the reference he again excepted. Two juries have found in his favor, and on a full hearing here (*Kerr v. Hicks,* 131 N. C., 90), the judgment entered upon the last verdict (the first having been set aside in the discretion of the trial Judge) has been affirmed. This exception asks to set aside the action of both Courts and the verdict of the jury, and bind the plaintiff to the action of the referee, upon the ground that when the plaintiff made his second exception to the reference and demanded a jury (having previously excepted at the making of the reference), he asked for a jury trial upon "issues arising upon the referee's report," instead of "issues arising upon the pleadings," as required by *Driller Co. v. Worth,* 118 N. C., 746. That decision does not, however, rest upon such technicality, but upon the necessity of *specifying* clearly the issues upon which a jury trial is asked, but it is sufficient to say the defendant did not then except upon that ground. This was pointed out by *Furches, C. J.,* on the first hearing of this appeal, *Kerr v. Hicks,* 129 N. C., bottom of p. 145. It is fair to presume that had the defendant so excepted, the plaintiff would doubtless have conformed his prayer accordingly. All he wanted was a jury trial upon the matters in issue. The object of

requiring exceptions to be taken at the time is that there may be opportunity to correct errors without the expense of an appeal. On the contrary, the defendant not only acquiesced in the plaintiff's suggestion as to issues, but objected to evidence because it had not been introduced on the hearing before the referee. The plaintiff yielded and conformed to the defendant's views.

The plaintiff, who excepted in apt time to a compulsory reference, should not be deprived of his verdict and the affirmation by this Court of the judgment thereon, by objection taken for the first time in this Court to the technical form of asking issues arising "on the report" instead of "on the pleadings," when the other party took no exception at the time, but entirely acquiesced in that view, and all matters in dispute were in fact tried before the jury, and such ground of exception is not certified as error by either of the two counsel, whose certificate was a prerequisite to docketing the petition. The last reason of itself would preclude the allowance of that ground for rehearing, even if the exception had been taken on the trial. Rule 53 requires that the certificate of counsel shall state "in what respect" the former opinion "is erroneous." This must be complied with, both because the rules are mandatory and the other side is entitled to know the grounds on which he must contest.

Petition dismissed.