W. W. GRIFFIN v. ADA JONES and HUSBAND, OSCAR JONES, and A. E. WILLIAMS.

(Filed 21 September, 1949.)

1. **Reference § 2—**

Where there is no objection to the court's order of reference it is a reference by consent in legal contemplation.

2. **Appeal and Error § 40d—**

The referee's findings of fact approved by the trial judge are conclusive on appeal when they are supported by evidence.

**3. Reference § 7—**

It is discretionary with the referee whether or not he should view the premises in an action involving conflicting claims of title.

APPEAL by plaintiff, W. W. Griffin, from *Burgwyn, Special Judge,* at April Term, 1949, of MARTIN.

This is a civil action involving diverse claims of title to eleven acres of land in Williams Township in Martin County. The cause was heard by B. A. Critcher, Esquire, as referee, pursuant to an order of reference made by the court without objection from any of the parties. The plaintiff and the defendants produced diametrically conflicting evidence before the Referee sufficient to support their respective contentions with respect to the ownership of the *locus in quo.* No good purpose will be served by reciting this testimony in detail. All of it was admitted without objection. The referee filed his report containing findings of fact in conformity to the contentions and evidence of the defendants and making appropriate conclusions of law thereon. The exceptions of plaintiff to the referee's report were overruled by the court, which rendered judgment approving the findings of fact and conclusions of law of the referee and adjudging the defendants to be the owners of the *locus in quo.* The plaintiff excepted and appealed.

*Clarence W. Griffin and R. L. Coburn for plaintiff, appellant.*
*Hugh G. Horton for defendants, appellees.*

ERVIN, J. The order of reference was made by the court without objection, and by reason thereof the reference was a reference by consent in legal contemplation. *Grant v. Hughes,* 96 N.C. 177, 2 S.E. 339. The plaintiff's attack upon the validity of the findings of fact of the referee is unavailing. These findings are conclusive and will not be reviewed on appeal because they were supported by evidence at the hearing and have been adopted by the court. McIntosh: North Carolina Practice and Procedure in Civil Cases, Section 536. It was within the discretion of the referee whether or not he should view the premises involved in the action. Thus, no error can be predicated upon his failure to inspect the *locus in quo.* The judgment of the Superior Court must be upheld.

Judgment affirmed.